```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
REGENT MUSIC CORPORATION,           :

                Plaintiff,          :

    -against-                       :
                                              07 Civ. 9510 (LLS)(AJP)
SUGAR HILL MUSIC PUBLISHING LTD.,:
and JOSEPH ROBINSON, JR.
                                    :
                Defendants.
------------------------------------------------------X
```

## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

This memorandum of law is submitted by plaintiff Regent Music Corporation ("Regent") in opposition to the motion to dismiss brought by defendants Sugar Hill Music Publishing, Ltd. ("Sugar Hill") and Joseph Robinson, Jr. which claims that plaintiff lacks standing because plaintiff is not the copyright owner of the song which is the subject of this action.

### Preliminary Statement

Defendants' motion is an example of a specious, hyper-technical argument raised by parties who have no legitimate defense to the merits of the copyright infringement claim which has been brought against them. Defendants have no justification for continuing to commercially exploit a musical composition to which twenty five years ago they renounced all ownership claims in favor of plaintiff and the English publishing company for which plaintiff acts as agent. Nevertheless, defendants now seek to circumvent plaintiff's attempt to enforce its rights to the copyrighted song by raising the bogus claim that plaintiff does not have standing to litigate the issue since neither it nor its principal is the owner of record of the copyright. Nothing could be further from the truth.

## This Action

Plaintiff Regent Music Corporation ("Regent") is the exclusive sub-publisher and administrator for the United States and Canada of the musical composition entitled, "Apache," (the "Composition") written by Jerry Lordan (incorrectly referred to in the complaint as "Jeremiah Lordon)" and owned by Francis, Day & Hunter, Ltd., a London, England-based publisher. (Cplt., ¶4, attached as Exhibit A to the defendants' moving papers) Francis, Day & Hunter, Ltd. acquired its ownership interest in the Composition in accordance with an agreement into which it entered with Jerry Lordan dated December 11, 1959. [A copy of which is annexed as Exhibit A to the accompanying affidavit of Kenneth Higney ("Higney Aff.")] Pursuant to an agreement between Regent and Francis, Day & Hunter, Ltd., Regent is empowered to commence legal proceedings to protect the Composition from infringement. (Cplt., ¶4; see also ¶9 of the July 22, 1960 agreement between Regent and Francis, Day & Hunter, Ltd., attached as Exhibit B to the Higney Aff.)

In 1982, in settlement of a dispute between Regent and defendant Sugar Hill and its affiliated record company, Sugar Hill Records, stemming from the latter's creation and commercial exploitation of an unauthorized "rap" version of the Composition, Sugar Hill, together with Sugar Hill Records and the purported authors of the "rap" version of the Composition, signed documents acknowledging their infringement of the Composition, agreeing to cease their infringing conduct, and assigning to Francis, Day & Hunter, Ltd. any and all rights they may have had in their version of the Composition. (Cplt., ¶¶11-12; see also the documents themselves which are annexed as Exhibits C and D to the Higney Aff.)

Despite these written agreements Sugar Hill and its principal Robinson have continued to claim ownership of the Composition and collect monies generated from its commercial exploitation. Plaintiff Regent commenced this action in October, 2007 seeking to enforce its rights and those of

Francis, Day & Hunter, Ltd. in the Composition and to hold defendants liable for contract breaches and copyright infringement.

Defendants responded not by addressing the merits of the allegations, but by raising in their motion to dismiss the argument that because the copyright registration renewal certificate lists "Jerry Lordan c/o Francis Day & Hunter Ltd," as the copyright claimant, and not Francis Day & Hunter, Ltd., plaintiff Regent, as the agent for the latter publisher, does not have standing to bring this litigation. (A copy of the renewal registration certificate is attached as Exhibit E to the Higney Aff.) Plaintiff Regent opposes this frivolous motion.

**Argument**

### SINCE FRANCIS, DAY & HUNTER, LTD. IS THE OWNER OF THE COMPOSITION, PLAINTIFF REGENT, AS ITS AGENT, HAS STANDING TO BRING THIS ACTION

Defendants' argument that Jerry Lordan, not Francis, Day & Hunter, Ltd., is the owner of the renewal term copyright in the Composition is clearly refuted by documentary evidence.

Thus, the agreement dated December 11, 1959 between Jerry Lordan and Francis, Day & Hunter, Ltd., a copy of which is annexed as Exhibit A to the Higney Aff., clearly states that Mr. Lordan "Assigns to the Publishers [Francis, Day & Hunter, Ltd.] ALL the Copyright ..., together with all other rights of a like nature as are now conferred by the laws in force in all other territories throughout the world, including the renewal copyright as conferred by the law of the United States of America..." [1] (the Francis/Lordan Agreement") Defendant Sugar Hill acknowledged the ownership

---

[1] The Court can rely on the Francis/Lordan Agreement in determining this motion to dismiss since the existence of this Agreement is integral to and explicitly referred to in the Complaint by virtue of the fact that it is the document pursuant to which Francis, Day & Hunter, Ltd. obtained rights in the Composition. See. E.g., *Matusovsky v. Merrill Lynch*, 186 F.Supp.2d 397, 400 (S.D.N.Y. 2002) (on

rights of Francis, Day & Hunter, Ltd., when in 1982 it entered into its agreements with plaintiff Regent on behalf of that company to resolve the dispute among the parties. (Copies of these 1982 agreements are annexed as Exhibits C and D to the Higney Aff.)

Moreover, as explained by Kenneth Higney of plaintiff Regent in his accompanying affidavit, it is the standard practice in the music publishing industry to list the author as the copyright claimant in a copyright renewal registration. The rationale is that the rights in the composition revert back to the author during the renewal term and that only the contractual agreement between the author and the publisher conveys those renewal term copyrights to the publisher. In this case, the Francis/Lordan Agreement is such an assignment.

Indeed, it is significant that the renewal certificate (Exhibit E to Higney Aff.) lists Mr. Lordan's address as care of Francis Day & Hunter, Ltd., and that the law firm which filed the renewal registration form, Abeles, Clark & Osterberg, were the attorneys for plaintiff Regent acting on behalf of Francis Day & Hunter, Ltd.

Plaintiff Regent, therefore, clearly has standing to maintain this copyright infringement action.

---

a motion to dismiss for failure to state a claim upon which relief can be granted, "a court may consider documents… that are… integral to, or explicitly referenced in the pleading.")

## Conclusion

Defendants' argument that plaintiff Regent has no standing to sue to prevent defendants' infringement of the copyright in the Composition, "Apache," because plaintiff lacks standing is completely specious. It is simply a cynical attempt to distract the Court from defendants' blatantly infringing conduct. As such, defendants' motion should be denied in its entirety.

Dated: New York, New York
       January 10, 2008

                                        EISENBERG TANCHUM & LEVY
                                        *Attorneys for Plaintiff Regent Music*
                                        *Corporation*

                                        By: _____
                                        Stewart L. Levy (SLL – 2892)
                                        675 Third Avenue
                                        New York, New York 10017
                                        Tel# (212) 599-0777

To:    Cinque & Cinque, P.C.
         Attorneys for Defendants Sugar
         Hill Music Publishing, Ltd. And
         Joseph Robinson, Jr.
         845 Third Avenue, Suite 1400
         New York, New York 10022
         Tel.# (212) 759-5515