UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
REGENT MUSIC CORPORATION,             :

              Plaintiff,                 :

  -against-                                            :       AFFIDAVIT
                                                              07 Civ. 9510 (LLS)(AJP)

SUGAR HILL MUSIC PUBLISHING LTD.,:
and JOSEPH ROBINSON, JR.
                                                :

              Defendants.
-------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

KENNETH HIGNEY, being duly sworn, deposes and says:

1. I am the senior vice president, copyright & licensing, of the Arc Music Group, of which Regent Music Corporation is a member.

2. I am fully familiar with the facts set forth in this affidavit.

3. In 1959 Francis, Day & Hunter, Ltd., an English music publisher, entered into an agreement with Jerry Lordan, a writer, pursuant to which Francis, Day & Hunter, Ltd. acquired ownership of the song, "Apache," including its copyright. (the "Composition") A copy of this agreement is annexed hereto as Exhibit A.

4. Regent Music Corporation became involved with the Composition when in July 22, 1960 it entered into an agreement with Francis, Day & Hunter, Ltd. to become the subpublisher and administrator in the United States and Canada of the Composition. A copy of this agreement is annexed hereto as Exhibit B.

5. One of the rights conferred upon Regent Music Corporation by its agreement with Francis, Day & Hunter, Ltd. is the right to enforce and protect all rights in the Composition. (see paragraph "ninth" of the 1960 Agreement).

6. In 1982, Regent Music Corporation exercised those rights by preventing Sugar Hill Music Publishing Ltd. and its affiliated record company, Sugar Hill Records, from commercially exploiting an unauthorized "rap" version of the Composition.

7. As a result of the efforts of Regent Music Corporation Sugar Hill Music Publishing Ltd., together with Sugar Hill Records and the purported authors of the "rap" version of the Composition executed two documents, each dated February 25, 1982, pursuant to which they acknowledged their infringing conduct, agreed to stop such conduct, and assigned to Francis, Day & Hunter, Ltd. all rights of any kind which they had in their "rap" version of the Composition. Copies of these two documents are annexed hereto as Exhibits C and D.

8. In 1988 Regent Music Corporation, in its capacity as sub-publisher and administrator in the United States of the Composition renewed the copyright in the Composition.

9. In accordance with music publishing industry practice Regent Music Corporation, through its attorneys, Abeles, Clark and Osterberg, had a renewal certificate filed with the United States Copyright Office in the name of Mr. Lordan care of Francis, Day & Hunter, Ltd. (A copy of the registration certificate is annexed hereto as Exhibit E.) Such filing did not indicate that Mr. Lordan now owned the copyright in the Composition for its renewal term of copyright protection. Rather, the filing reflected that the renewal term copyrights flowed through Mr. Lordan who, by virtue of his

1959 agreement with Francis, Day & Hunter, Ltd. had assigned those rights to the English music publisher.

Sworn to before me this
___9ᵀᴴ___ day of January, 2007

_____
Notary Public

STEWART L. LEVY
Notary Public, State of New York
No. 02LE4674890
Qualified in Westchester County
Commission Expires November 30, 20__

_____
Kenneth Higney

**EXHIBIT A**

𝔗𝔥𝔦𝔰 𝔄𝔰𝔰𝔦𝔤𝔫𝔪𝔢𝔫𝔱 is made the     No.     A 896

of    DECEMBER   19 59   BETWEEN   JERRY LORDAN    ELEVENTH   day

of    40A, Dennington Park Road, London, N.W.6.     23242

(hereinafter called "the Assignor(s)") of the one part and FRANCIS, DAY & HUNTER LTD. of 138/140 Charing Cross Road, in the County of London (hereinafter called "the Publishers") of the other part WITNESSETH that in consideration of the payment by the Publishers to the Assignor(s) of the sum of   1/-   (One Shilling) (the receipt whereof is hereby acknowledged) on account of the Royalties and Fees mentioned in the Schedule hereto the Assignor(s) hereby Assign(s) to the Publishers ALL the Copyright as defined by the Copyright Act 1956, throughout the territory to which that Act may now or may at any time hereafter extend, together with all other rights of a like nature as are now conferred by the laws in force in all other territories throughout the world, including the renewal copyright as conferred by the law of the United States of America, and such other rights as may hereafter be conferred or created by law or international arrangement or convention in any part of the world whether by way of new or additional rights not now comprised in Copyright or by way of extension of the period of then or now existing rights of and in the   Musical Composition    entitled

"APACHE!"

as "the said work(s)") TO HOLD the same unto the Publishers their successors (hereinafter referred to AND the Assignor(s) hereby agree(s) on demand to execute and sign any other documents and to do all other acts and things which may hereafter be required of the Assignor(s) for vesting in the Publishers the premises expressed to be hereby assigned AND the Assignor(s) hereby warrant(s) and declare(s) that the said work is a new and original unpublished work and does not infringe the copyright in any other work and that he (they) the Assignor(s) has (have) good right and full power to assign to the Publishers free from all encumbrances the premises expressed to be hereby assigned and every of them in the manner aforesaid. AND IT IS HEREBY CERTIFIED that the transaction hereby effected does not form part of a larger transaction or of a series of transactions in respect of which the amount or value or the aggregate amount or value of the consideration exceeds £3,500.
AS WITNESS the hands of the parties hereto the day and year first above written.

𝔗𝔥𝔢 𝔖𝔠𝔥𝔢𝔡𝔲𝔩𝔢 𝔞𝔟𝔬𝔳𝔢 𝔯𝔢𝔣𝔢𝔯𝔯𔢡 𝔱𝔬.

**Sheet Music Royalties.**
10% ( Ten    per cent.) of the marked retail selling price of all copies of the said work(s) sold (except as hereafter provided) but so that no Royalty shall be payable on the first month's issue of sample copies of the said work(s).
50% ( Fifty   per cent.) of all sums received by the Publishers on the sale of Foreign and Colonial Editions of the said Work(s).
The Publishers shall have the right to include the said work(s) in any Album, Folio or Newspaper and to licence others to make a similar use upon payment of £5 (five pounds) in lieu of Royalties in respect of the inclusion thereof in such Album, Folio or Newspaper.
No Royalties shall be payable on Orchestral, Military and Brass Band Arrangements or professional copies of the said work(s), and the Publishers shall have the right to use the melody with words of the chorus thereof in any separate musical publication, and to reprint the words thereof without the music free from Royalty or other consideration.

**Mechanical Royalties.**
50% ( Fifty   per cent.) of all Royalties received by the Publishers for reproductions of the said work(s) in connection with the manufacture of records (other than for use in or in connection with cinematograph films and television films) for sale to the Public.
No Royalties shall be payable to the Assignors in respect of the inclusion of the said work(s) in Medley Arrangements.

**Synchronization Fees.**
50% ( Fifty   per cent.) of all royalties and fees received by the Publishers for the right to use the said work(s) in or in connection with any cinematograph film or television film.

**Performing Broadcasting and Rediffusion Fees.**
These are collected by the Performing Right Society Ltd. and are paid direct to its Members in accordance with the Rules laid down by that Society, and it is agreed that the Assignor's share shall be 50 per cent. and the Publisher's share 50 per cent.

**Generally.**
All Royalties and fees payable by the Publishers to the Assignor(s) by virtue of this Assignment shall be divided between the Assignor(s) in the following manner:—

SIGNED by the Assignor(s) in the presence of:

SIGNED by the duly authorised agent of the Publishers in the presence of:    For and on behalf of
FRANCIS, DAY & HUNTER LTD.

Director.

**EXHIBIT B**

AGREEMENT made this 22nd day of July One thousand nine hundred and sixty, by and between FRANCIS, DAY & HUNTER, LTD., of 138-140 Charing Cross Road, London, W.C.2, England (referred to as FRANCIS DAY) and REGENT MUSIC CORPORATION, of 1619 Broadway, New York 19, N.Y., U.S.A. (referred to as REGENT).

In consideration of the sum of One Dollar ($1.00) and other good and valuable considerations, receipt whereof is hereby acknowledged by each of the parties hereto, and of the premises it is agreed:

FIRST: Francis Day warrants and represents that it is the sole copyright proprietor and is possessed of all rights and interests among other territories in the United States of America, its territories and possessions, and the Dominion of Canada, (hereinafter referred to as the Licensed Territory) free and clear of all rights, interests, claims and encumbrances in and to the musical composition entitled:

" APACHE "

(Jerry Lordan)

(hereinafter referred to as the Said Composition), except the performing right which has been assigned by Francis Day to the Performing Right Society Ltd., of England, for all countries and has been vested by that Society in CAPAC in Canada. Francis Day warrants, however, that PRS, pursuant to its current contract with Broadcast Music Inc. (herein-

after called BMI) with which Regent is affiliated, will forthwith on the registration with PRS of this contract transfer to BMI for the U.S.A., its territories and possessions, only, the control of the performing right, including the sole right to collect performing right fees in the U.S.A. its territories and possessions, only, in respect of the Said Composition for the period during which this agreement is effective, or until Regent ceases to be affiliated with BMI whichever is the shorter period.

SECOND: Francis Day hereby constitutes Regent the sole and exclusive selling agent of the above composition, such sole and exclusive selling agency involving the following rights in Said Composition:

(a) The sole and exclusive right to print, reprint publish, copy and multiply printed copies and to vend and sell the same in any and all parts of the Licensed Territory.

(b) Subject to any rights of PRS the sole and exclusive benefit of public performance (including Broadcasting and Television).

(c) The sole and exclusive right of recording and reproduction of phonograph records, music rolls and transcriptions, and all future developments of such, similar and kindred arts and to licence such rights in and for the Licensed Territory.

(d) The right to grant non-exclusive licences for the recording and use of Said Composition in any and all countries throughout the world in and in connection with motion pictures originating or produced in the Licensed Territory.

THIRD: Regent agrees to pay to Francis Day the

- 2 -

following monies as royalties :-

   (a) 10% of the marked retail selling price of each piano copy and each orchestration of Said Composition sold by Regent paid for and not returned in the U.S.A. and Canada.

   (b) 50% of all net monies received by Regent from the licencing in the U.S.A. and Canada of any rights acquired by it under Paragraph "SECOND" subdivision (c) thereof.

   (c) In respect of all licences issued by Regent under paragraph "SECOND" subdivision (d) thereof Regent shall pay to Francis Day 50% of the net monies received by it for any countries of the Licensed Territory and 100% of all net monies received by it for all countries outside of the Licensed Territory; and

   (d) $25.00 for the use of Said Composition in each album, book or folio, in lieu of any other payment thereafter.

FOURTH: With reference to performing and broadcasting fees, it is agreed as follows:-

   (a) The division of the performing right fees collected and allocated by BMI in the U.S.A. in respect of the Said Composition shall be made by BMI, which shall pay their respective shares direct to FRO on behalf of Francis Day and the writers of the Said Composition and to Regent, and neither Francis Day nor Regent shall have any liability each to the other in respect of such fees.

   (b) The division of the performing right fees collected and allocated by CAPAC in Canada in respect of the Said Composition shall be made by CAPAC and it is agreed that Regent shall receive 50% of the publisher's share and that Regent will

- 3 -

arrange for such share to be paid to it through an agent who is a member of CAPAC or any other Society to which CAPAC is affiliated. The remaining 50% of the publisher's share shall be remitted to FRS on behalf of Francis Day, and neither Francis Day nor Regent shall have any liability each to the other in respect of such fees.

FIFTH: Regent will forward to Francis Day three copies of each edition of said Composition published by Regent. Regent shall have the right to make and publish new arrangements, adaptations and versions of said Composition and to alter, change, substitute and translate the lyrics and title thereof, all of the same to be copyrighted in the name of Francis Day.

SIXTH: All copies of said Composition published under the authority of this Agreement shall bear all statements necessary under the laws of the Licensed Territory including due and proper notice of copyright in Francis Day.

SEVENTH: Regent agrees to pay to Francis Day at the execution of this agreement the sum of $750.00 (seven hundred and fifty Dollars) on account and in advance of the aforementioned royalties and no further sums shall be payable by Regent until the whole amount of $750.00 (seven hundred and fifty Dollars) has been recouped by royalty earnings.

EIGHTH: True and correct accounts shall be kept by Regent in respect to said Composition and a statement of

such account, as of December 31st and June 30th in each year shall be forwarded within sixty days after each of said dates by mail to Francis Day and after the minimum compensation of Regent and all taxes thereof shall have been earned, recouped and deducted by Regent all monies thereafter to become due and payable by Regent to Francis Day under this agreement shall be paid upon the rendition of such semi-annual statements for each preceding semi-annual period.

NINETH: Francis Day hereby authorises, empowers and vests in Regent the right to enforce and protect all rights to Said Composition and the copyrights therein in the Licensed Territory, and to join the copyright proprietor thereof as party plaintiff or defendant in all suits and proceedings, and to proceed with and dispose of the same with the same force and effect as if Regent was the copyright proprietor thereof, but all at the expense of Regent.

TENTH: The right acquired by Regent to Said Composition under this agreement shall be for the terms of all copyrights thereof for the Licensed Territory to the extent that Francis Day may now or at any time hereafter be possessed of such rights.

- 5 -

<sub>01/08/2008</sub> <sub>TUE 15:40 FAX</sub>

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above written.

Witness:

*(signature)*
................

For and on behalf of
FRANCIS, DAY & HUNTER, LTD.

By *(signature: E.C. Day)*
................
Director.

Witness:

................

For and on behalf of
REGENT MUSIC CORPORATION.

By *(signature)*
................

- 6 -

# EXHIBIT C

The undersigned hereby acknowlege and admit that the musical composition entitled APACHE, written and published by the undersigned, as their interests may appear, embodied on various Sugar Hill recordings, infringes the copyright in the musical composition entitled APACHE by Jerry Lordan, copyright 1960 by FRANCIS, DAY & HUNTER LTD. (England) and administered for the United States and Canada by Regent Music Corp. (BMI).

The undersigned represent and warrant that they jointly and severally infringed said copyrighted composition innocently and without knowledge and hereby agree to cease and desist from further use or exploitation of the infringing versions of said composition, except as may otherwise be licensed by FRANCIS, DAY & HUNTER LTD. (England), REGENT MUSIC CORP. or their authorized agents.

The undersigned further acknowledge that they have no rights whatsoever in the infringing versions and that any further unauthorized use or exploitation thereof by any of them shall constitute willful copyright infringement and render them liable for damages pursuant to law.

IN WITNESS WHEREOF, the undersigned have executed this acknowledgment this 25th day of February, 1982.

"APACHE" Registration No.: PA 126-739, 12/4/81

SUGAR HILL MUSIC PUBLISHING LTD.
(Publisher)

By _____

SYLVIA ROBINSON         (Writer)

MICHAEL WRIGHT          (Writer)

JIGGS CHASE             (Writer)

CHERYL COOK             (Writer)

SUGAR HILL RECORDS

By _____

**EXHIBIT D**

FOR GOOD AND VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, the undersigned jointly and severally hereby quitclaim, release and assign to FRANCIS, DAY & HUNTER all such rights, title and interest as they may have in and to the musical composition entitled APACHE (the "Composition") (written, composed and published by the undersigned, as their interests may appear) free and clear of any and all obligations on the part of FRANCIS, DAY & HUNTER or its administrator for the United States and Canada, REGENT MUSIC CORP., to account for and pay to the undersigned any royalties whatsoever derived from exploitation of the Composition anywhere in the world.

The undersigned hereby acknowledge that they shall have no right to receive from Broadcast Music, Inc. any public performance royalties earned from public performances of the Composition. In such connection, the undersigned hereby agree to execute and deliver to FRANCIS, DAY & HUNTER and/or REGENT MUSIC CORP. such further documents as may be necessary to effectuate the foregoing quitclaim and assignment.

IN WITNESS WHEREOF, the undersigned have executed this instrument this 25th day of February, 1982.

"APACHE" Registration No.:
PA 126-739, 12/4/81

SUGAR HILL MUSIC PUBLISHING LTD.
(Publisher)

By _____

_____
SYLVIA ROBINSON         (Writer)

_____
MICHAEL WRIGHT          (Writer)

_____
JIGGS CHASE             (Writer)

_____
CHERYL COOK             (Writer)

**EXHIBIT E**

**FORM RE**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

RE 380-1__

EFFECTIVE DATE OF RENEWAL REGISTRATION

MAR 07 1988

DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY

**1** Renewal Claimant(s)

RENEWAL CLAIMANT(S), ADDRESS(ES), AND STATEMENT OF CLAIM (See instructions)

1  Name ... JERRY LORDAN ...
   Address ... C/O FRANCIS DAY & HUNTER LTD, 138/140 CHARING CROSS ROAD, LONDON, WC2H 0LD
   Claiming as ... THE AUTHOR

2  Name ...
   Address ...
   Claiming as ...

3  Name ...
   Address ...
   Claiming as ...

**2** TITLE OF WORK IN WHICH RENEWAL IS CLAIMED:

APACHE

RENEWABLE MATTER:

MUSIC (PIANO SOLO WITH GUITAR CHORDS).

CONTRIBUTION TO PERIODICAL OR COMPOSITE WORK:

Title of periodical or composite work ...
If a periodical or other serial give Vol ... No ... Issue Date ...

**3** Author(s)

AUTHOR(S) OF RENEWABLE MATTER:

JERRY LORDAN.

**4** Facts of Original Registration

ORIGINAL REGISTRATION NUMBER:   ORIGINAL COPYRIGHT CLAIMANT:

EFO 75663                       FRANCIS DAY & HUNTER LIMITED.

ORIGINAL DATE OF COPYRIGHT:

* If the original registration for this work was made in published form, give:
  DATE OF PUBLICATION ... JULY 29 1960

OR

* If the original registration for this work was made in unpublished form, give:
  DATE OF REGISTRATION ...

RE    880-196

JUN 17 1988

DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY

**RENEWAL FOR GROUP OF WORKS BY SAME AUTHOR:** To make a single registration for a group of works by the same individual author of contributions to periodicals (see instructions), give full information about each contribution. If more space is needed, request continuation sheet (Form RE/CON).

1. Title of Contribution: ..........................................
   Title of Periodical: ..................... Vol ..... No ..... Issue Date .....
   Date of Publication: ..... (Month) ..... (Day) ..... (Year) ..... Registration Number: .....

2. Title of Contribution: ..........................................
   Title of Periodical: ..................... Vol ..... No ..... Issue Date .....
   Date of Publication: ..... (Month) ..... (Day) ..... (Year) ..... Registration Number: .....

3. Title of Contribution: ..........................................
   Title of Periodical: ..................... Vol ..... No ..... Issue Date .....
   Date of Publication: ..... (Month) ..... (Day) ..... (Year) ..... Registration Number: .....

4. Title of Contribution: ..........................................
   Title of Periodical: ..................... Vol ..... No ..... Issue Date .....
   Date of Publication: ..... (Month) ..... (Day) ..... (Year) ..... Registration Number: .....

5. Title of Contribution: ..........................................
   Title of Periodical: ..................... Vol ..... No ..... Issue Date .....
   Date of Publication: ..... (Month) ..... (Day) ..... (Year) ..... Registration Number: .....

6. Title of Contribution: ..........................................
   Title of Periodical: ..................... Vol ..... No ..... Issue Date .....
   Date of Publication: ..... (Month) ..... (Day) ..... (Year) ..... Registration Number: .....

7. Title of Contribution: ..........................................
   Title of Periodical: ..................... Vol ..... No ..... Issue Date .....
   Date of Publication: ..... (Month) ..... (Day) ..... (Year) ..... Registration Number: .....

**DEPOSIT ACCOUNT:** (If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.)

Name: ..........................
Account Number: ..........................

**CORRESPONDENCE:** (Give name and address to which correspondence about this application should be sent.)

Name: SEE 8.
Address: ..........................

**CERTIFICATION:** I, the undersigned, hereby certify that I am the: (Check one)
☐ renewal claimant   ☒ duly authorized agent of: JERRY LORDAN

of the work identified in this application, and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature: (X) .....
Typed or printed name: CATHY PAICE.
Date: 19/2/88

MAIL CERTIFICATE TO:

ABELES, CLARK & OSTERBERG
224 EAST 50th STREET
NEW YORK, N.Y. 10022