UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

REGENT MUSIC CORPORATION,                    07 CIV. 9510 (LLS)

            Plaintiff,

-against-

SUGAR HILL MUSIC PUBLISHING, LTD.,
and JOSEPH ROBINSON, JR.,

            Defendants.

------------------------------------------------------------X

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

This memorandum is submitted by defendants Sugar Hill Music Publishing, Ltd. and Joseph Robinson, Jr. in reply to the memorandum submitted by plaintiff Regent Music Corporation ("Regent") in opposition to defendants' motion to dismiss.

## ARGUMENT

Faced with the undeniable fact that the copyright at issue in this action is owned by Jerry Lordan, plaintiff Regent Music Corp. argues that it has standing due to an alleged "music publishing industry practice" pursuant to which "Regent Music Corporation, in its capacity as sub-publisher and administrator in the United States of the Composition renewed the copyright in the Composition" (Higney Aff., pp. 8 and 9). This argument has no factual or legal basis.

The renewal copyright registration, Exhibit B to defendants' moving papers, does

not even mention Regent. The renewal claimant is Jerry Lordan. The author is Jerry Lordan, and the original copyright claimant was Francis Day & Hunter Limited. Regent is a total stranger to this registration certificate.

There is no contract between Lordan and Regent. In fact, the documents produced by Regent show that it no longer has any rights in and to the Composition. The "tenth" paragraph of the July 22, 1960 agreement between Francis, Day & Hunter Ltd. and Regent (Ex. B to Mr. Higney's affidavit) clearly states that Regent's rights last no longer than Francis, Day's copyright interest:

> The right acquired by Regent to said Composition under this Agreement shall be for the terms of all copyrights thereof for the licensed territory <u>to the extent that Francis, Day may now or any time hereafter be possessed of such rights</u> (emphasis added).

As Jerry Lordan has been the copyright proprietor of the Composition since March 7, 1986 (the effective date of the renewal registration) Francis, Day (and accordingly Regent) has no copyright interest in the Composition since that date.

As held in <u>Eden Toys, Inc.</u> v. <u>Florelee Undergarment Co.</u>, 697 F.2d 27, 32 (2nd Cir. 1982):

> The Copyright Act authorizes only two types of claimants to sue for copyright infringement: (1) owners of copyrights, and (2) persons who have been granted exclusive licenses by owners of copyrights. 17 U.S.C. §501(b).

See also: ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 981 (2nd Cir. 1991):

> the Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf.

As the copyright owner is Jerry Lordan, and as he did not grant any license to Regent, Regent has no standing and the complaint must be dismissed.

## CONCLUSION

The allegation in paragraph 8 of the complaint, that the copyright in the Composition was renewed in the name of Francis, Day, is simply untrue. As the copyright is owned by Jerry Lordan, and as Regent is not a legal or beneficial owner of the copyright (any rights at best expiring when the copyright was renewed in Lordan's name in 1986), the complaint should be dismissed.

Respectfully submitted,

CINQUE & CINQUE, P. C.

By:_____/s/_____
James P. Cinque (JPC-3673)
Attorneys for Defendants Sugar Hill
Publishing, Ltd. and Joseph Robinson, Jr.
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Email:    CINQUE845@aol.com

3