# EISENBERG TANCHUM & LEVY

675 THIRD AVENUE
NEW YORK, NEW YORK 10017

(212) 599-0777

TELECOPIER: (212) 599-0770

MICHAEL L. TANCHUM
RICHARD D. EISENBERG
STEWART L. LEVY

JAMES E. DOHERTY

ELLIOTT D. HEFLER
LETTY M. TANCHUM
DAVID GREENE
HAROLD GREENBERG
OF COUNSEL

February 27, 2008

**By Hand**
Hon. Louis L. Stanton
Judge, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

   Re: Regent Music Corporation v. Sugar Hill Music Publishing, Ltd., et ano.
      United States District Court, Southern District of New York
      <u>07 Civ. 9510 (LLS)</u>

Dear Judge Stanton:

   I am the attorney for Regent Music Corporation ("Regent"), the plaintiff in the above-captioned action. I write this letter in accordance with the Court's Individual Practice Rules seeking permission to move this Court for reconsideration of its order of January 25, 2008, dismissing the complaint in this action.

   At a conference held before the Court on January 25, 2008, the Court granted defendants' motion dismissing the complaint "with leave to file an amended complaint showing that the complaining party has standing to bring the claim." A copy of the Court's order is annexed hereto as Exhibit A. The Court based its holding on its belief that the copyright renewal form submitted by Regent to the United States Copyright Office concerning the musical composition entitled, "Apache," listed the author of that song as the renewal claimant, not Regent. Thus, according to the Court, Regent did not have standing to bring the action, even though Regent, as the agent for the English-based publisher of the song, had contractual rights to the copyright in its renewal term.

   The Court's decision, however, is inconsistent with the practices and policy of the United States Copyright Office in 1988, in effect at the time of the filing of the renewal certificate, which prohibited the Office from registering a renewal claim by the assignee of the claim (i.e., the publisher). Kent Dunlap, an attorney with that Office, confirms in his letter to me, a copy of which is annexed hereto as Exhibit B, that until 1992 the Copyright Office did not permit the

*Handwritten margin note:* granted. Move within 10 days of today. So ordered. Louis L. Stanton 3/4/08

EISENBERG TANCHUM & LEVY

assignee (e.g., a publisher) of a renewal copyright to submit the copyright renewal registration. The claimant on such registration was required to be the author. [See, Section 1310.06 of the *Compendium of Copyright Office Practices II* (1984), cited by Mr. Dunlap, a copy of which is annexed hereto as Exhibit C]. According to Mr. Dunlap, however, the listing of the author as the copyright claimant on the renewal registration certificate did not compromise the ownership rights of the publisher who acquired those rights by contract.

The copyright renewal certificate filed by Regent in 1988 for the composition, "Apache," therefore correctly listed the song's author as the claimant. It does not in any way limit Regent's rights, as the North American agent for the publisher who, by contract, had secured ownership of the renewal rights in the song, from commencing the above-captioned litigation against a copyright infringer.

In light of this information, I respectfully request that the Court either restore the action to its calendar or permit Regent to make a motion seeking such restoration.

Respectfully submitted,

Stewart L. Levy

SLL/md
Encl.

cc: James P. Cinque, Esq. (By Hand)
 Cinque & Cinque, P.C.
 Attorneys for Defendants Sugar Hill
 Publishing, Ltd., and Joseph Robinson, Jr.