UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
REGENT MUSIC CORPORATION,                    :

                Plaintiff,                    :

   -against-                                     :

                                                 07 Civ. 9510 (LLS)(AJP)

SUGAR HILL MUSIC PUBLISHING LTD.,            :
and JOSEPH ROBINSON, JR.

                             :

              Defendants.
-------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

This memorandum of law is submitted by plaintiff Regent Music Corporation ("Regent") in support of its motion the motion for reconsideration pursuant to Local Civil Rule 6.3 of the United States District Court for the Southern District of New York. Specifically, Regent requests that this Court reconsider its January 25, 2008 Memorandum Order (the "Order") (a copy of which is annexed hereto as Exhibit A) which granted Defendants' then pending motion to dismiss the complaint on the grounds that Regent did not have standing as a copyright owner to bring its claim for copyright infringement.

<u>Preliminary Statement</u>

During a January 25, 2008 conference, the Court informally heard counsel with respect to Defendants' motion to dismiss for Regent's lack of standing and, ultimately, issued the Order dismissing the complaint while granting Regent "leave to file an amended complaint showing that the complaining party [Regent] has standing to bring this claim."

Regent hereby respectfully submits that reconsideration and vacatur of the Order is warranted

because the Court based its decision on the improper belief that Regent lacked standing to commence this action. The Court reasoned that since the copyright renewal registration certificate listed as the copyright claimant, Jerry Lordan, the original author of the subject musical composition, "Apache" (the "Composition"), only Mr. Lordan or his statutory successors had standing to maintain this action. The Court took this position even though evidence had been submitted indicating that Regent acted as the American subpublisher and agent of the British company, Francis, Day & Hunter, Ltd., which had contractually obtained the renewal rights from Mr. Lordan. The Court also failed to properly consider Regent's argument that listing the author as the claimant on the copyright renewal registration certificate was the commonly accepted manner in which such certificates were completed and filed. The Court stated that common practice was no substitute for proper procedure.

In fact, however, the practices and policies of the United States Copyright Office in effect at the time of the filing of the renewal certificate in 1988 prohibited a renewal claimant, such as Francis, Day & Hunter, Ltd., from registering a renewal claim as an assignee of the copyright and mandated that such a renewal certificate be filed in the name of the author (as was done in this case). Regent, therefore, properly filed the registration renewal certificate on behalf of its principal, Francis, Day & Hunter, Ltd. in 1988, when it listed Mr. Lordan, the author, as the copyright claimant even though actual ownership resided in the British publisher. Indeed, had Regent filed the renewal certificate in any other form it would have been rejected by the Copyright Office.

Since the renewal certificate for the Composition was properly filed in 1988, Regent has standing, as the agent of Francis, Day & Hunter, Ltd., the assignee, by contract, of said renewal rights, to maintain this action for copyright infringement. The Court should, therefore, vacate the Order and deny the Defendants' underlying motion to dismiss the complaint.

**ARGUMENT**

**THE COURT'S ORDER OF DISMISSAL SHOULD BE VACATED BECAUSE PLAINTIFF'S FILING OF THE COPYRIGHT RENEWAL CERTIFICATE IN THE NAME OF THE AUTHOR WAS IN ACCORDANCE WITH COPYRIGHT OFFICE RULES AND DID NOT DIVEST THE PUBLISHER OF OWNERSHIP RIGHTS IN THE COMPOSITION**

Local Civil Rule 6.3 of the United States District Court for the Southern District of New York requires that a motion for reconsideration of a court order include "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." [1] The movant "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Group Inc.*, 28 Fed. Appx. 73, 75; 2002 U.S. App. LEXIS 1481, at *4 (2d Cir. 2002). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

In this case, Regent respectfully submits that the Court simply overlooked or misconstrued the argument set forth by Regent that it was proper "music publishing industry practice" for Regent to file the renewal certificate for the Composition in the name of the original author, Jerry Lordan c/o Francis Day & Hunter Ltd., even though the actual owner was Regent's principal, the British publishing firm of Francis, Day & Hunter, Ltd., which had acquired said renewal rights through contract. (Compl. ¶8 and Affidavit of Kenneth Higney dated January 9, 2008, Para. 9 and Ex. B). The form of the renewal registration submitted in 1988 by Regent was in accordance with the Copyright Office's then controlling policies and procedures which

---

1 By endorsed order dated March 4, 2008 (a copy of which is annexed hereto as Exhibit B) , the Court granted Regent's request to bring this motion on or before March 14, 2008.

required that the renewal certificate be filed in the name of the author, and not the actual owner.

Specifically, U.S. Copyright Office, *Compendium II: Compendium of Copyright Office Practices* § 1319.06 (1984), in effect until 1992, states:

> Assignment of renewal interests. **Registration must be made in the name of the statutory claimant, even though the statutory claimant has assigned all of his or her interests in the renewal term.** For example, **registration cannot be made in the name of an "assignee,"** "proprietor," "attorney in fact," or "owner per agreement." (emphasis added).

The Copyright Renewal Act of 1992 revised the above provision to allow assignees to file renewal certificates provided that the original author or other statutory beneficiary is identified. *See* 17 U.S.C. §304(3)(A)(ii) ("An application to register a claim to the renewed and extended term of copyright in a work may be made to the Copyright Office . . . at any time during the renewed and extended term by any person in whom such further term vested . . . or by any successor or assign of such person"). Thus, before 1992, a renewal claimant would have been prohibited from filing a renewal certificate in the name of anyone other than the author or statutory claimant even if renewal rights had been contractually transferred by the author to an assignee, such as Francis, Day & Hunter, Ltd. Simply stated, there was no other acceptable means of filing a renewal certificate with the Copyright Office in 1988 other than the means employed by Regent in this action. Relevant excerpts of the Compendium are annexed hereto as Exhibit C.

Given the controlling rules and regulations then in effect, the renewal certificate filed in 1988 for the Composition is in the proper form and remains valid. The Order, therefore, contains a clear error with respect to Regent's standing to maintain this action which should be corrected by means of vacatur. Further, given the fact that Regent has established itself as the proper party

to bring this action, by virtue of assignment, Defendants' motion should be denied and this case should be allowed to proceed on the merits.

## Conclusion

Since Regent complied with the controlling rules and regulations of the Copyright Office when it filed the renewal certificate for the Composition in 1988, the renewal certificate is valid. As the agent of the assignee of the renewal rights of the Composition, Regent therefore has standing to maintain this action. As such, Regent respectfully submits that the Order should be vacated and also that Defendants' underlying motion to dismiss the complaint for Regent's lack of standing be denied.

Dated: New York, New York
March 11, 2008

EISENBERG TANCHUM & LEVY
*Attorneys for Plaintiff Regent Music Corporation*

By: _____
Stewart L. Levy (SLL – 2892)
675 Third Avenue, Suite 2900
New York, New York 10017
Tel# (212) 599-0777

To:    Cinque & Cinque, P.C.
*Attorneys for Defendants Sugar Hill Music Publishing, Ltd. And Joseph Robinson, Jr.*
845 Third Avenue, Suite 1400
New York, New York 10022
Tel.# (212) 759-5515

**Exhibit A**

ORIGINAL

Case 1:07-cv-09510-LLS    Document 15    Filed 01/25/2008    Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

REGENT MUSIC CORPORATION,                07 CIV. 9510 (LLS)

                          Plaintiff,

        -against-                                NOTICE OF MOTION
                                                 TO DISMISS COMPLAINT

SUGAR HILL MUSIC PUBLISHING, LTD.,
and JOSEPH ROBINSON, JR.,

                          Defendants.

------------------------------------------------------------X

        PLEASE TAKE NOTICE that upon the annexed declaration of James P. Cinque,

Esq. dated December 27, 2007, the exhibits annexed thereto, and upon all pleadings and

proceedings heretofore had herein, defendants will move this Court at 9:30 a.m. or as

soon as counsel can be heard on January 21, 2008 before the Honorable Louis L. Stanton

at the United States Courthouse for the Southern District of New York, 500 Pearl Street,

New York, New York 10007 for an Order dismissing the complaint pursuant to Federal

Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be

granted, upon the ground that the copyright referred to in the complaint (Registration No.

RE 380-196) is not owned by plaintiff.

        PLEASE TAKE FURTHER NOTICE that pursuant to Local Civil Rule 6.1(b)

After hearing counsel this morning, this motion is
granted and the complaint is dismissed, with leave to
file an amended complaint showing that the complaining
party has standing to bring the claim. So Ordered
                                        Louis L. Stanton   1/25/08

answering papers must be served within ten (10) business days.


DATED: NEW YORK, NEW YORK
         DECEMBER 27, 2007


                              CINQUE & CINQUE, P. C.


                              By:_____/s_____
                                  James P. Cinque (JPC-3673)
                              Attorneys for Defendants Sugar Hill
                              Publishing, Ltd. and Joseph Robinson, Jr.
                              845 Third Avenue, Suite 1400
                              New York, New York 10022
                              Telephone: (212) 759-5515
                              Email:    CINQUE845@aol.com

**Exhibit B**

ORIGINAL
Case 1:07-cv-09510-LLS    Document 16    Filed 03/04/2008    Page 1 of 2

EISENBERG TANCHUM & LEVY
675 THIRD AVENUE
NEW YORK, NEW YORK 10017
———
(212) 599-0777
———
TELECOPIER: (212) 599-0770

MICHAEL L. TANCHUM
RICHARD D. EISENBERG
STEWART L. LEVY

JAMES E. DOHERTY

ELLIOTT D. HEFLER
LETTY M. TANCHUM
DAVID GREENE
HAROLD GREENBERG
OF COUNSEL

February 27, 2008

**By Hand**
Hon. Louis L. Stanton
Judge, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:   Regent Music Corporation v. Sugar Hill Music Publishing, Ltd., et ano.
            United States District Court, Southern District of New York
            <u>07 Civ. 9510 (LLS)</u>

Dear Judge Stanton:

    I am the attorney for Regent Music Corporation ("Regent"), the plaintiff in the above-captioned action. I write this letter in accordance with the Court's Individual Practice Rules seeking permission to move this Court for reconsideration of its order of January 25, 2008, dismissing the complaint in this action.

    At a conference held before the Court on January 25, 2008, the Court granted defendants' motion dismissing the complaint "with leave to file an amended complaint showing that the complaining party has standing to bring the claim." A copy of the Court's order is annexed hereto as Exhibit A. The Court based its holding on its belief that the copyright renewal form submitted by Regent to the United States Copyright Office concerning the musical composition entitled, "Apache," listed the author of that song as the renewal claimant, not Regent. Thus, according to the Court, Regent did not have standing to bring the action, even though Regent, as the agent for the English-based publisher of the song, had contractual rights to the copyright in its renewal term.

    The Court's decision, however, is inconsistent with the practices and policy of the United States Copyright Office in 1988, in effect at the time of the filing of the renewal certificate, which prohibited the Office from registering a renewal claim by the assignee of the claim (i.e., the publisher). Kent Dunlap, an attorney with that Office, confirms in his letter to me, a copy of which is annexed hereto as Exhibit B, that until 1992 the Copyright Office did not permit the

*[handwritten in right margin: granted. Move within 10 days of today. So ordered Louis L. Stanton 3/4/08]*

EISENBERG TANCHUM & LEVY

assignee (e.g., a publisher) of a renewal copyright to submit the copyright renewal registration. The claimant on such registration was required to be the author. [See, Section 1310.06 of the *Compendium of Copyright Office Practices II* (1984), cited by Mr. Dunlap, a copy of which is annexed hereto as Exhibit C]. According to Mr. Dunlap, however, the listing of the author as the copyright claimant on the renewal registration certificate did not compromise the ownership rights of the publisher who acquired those rights by contract.

The copyright renewal certificate filed by Regent in 1988 for the composition, "Apache," therefore correctly listed the song's author as the claimant. It does not in any way limit Regent's rights, as the North American agent for the publisher who, by contract, had secured ownership of the renewal rights in the song, from commencing the above-captioned litigation against a copyright infringer.

In light of this information, I respectfully request that the Court either restore the action to its calendar or permit Regent to make a motion seeking such restoration.

Respectfully submitted,

Stewart L. Levy

SLL/md
Encl.

cc:    James P. Cinque, Esq. (By Hand)
       Cinque & Cinque. P.C.
       Attorneys for Defendants Sugar Hill
       Publishing, Ltd., and Joseph Robinson, Jr.

Exhibit C

02/25/08  16:06 FAX 202 707 8366        COPYRIGHT OFFICE

COMPENDIUM II


COMPENDIUM

OF

COPYRIGHT OFFICE PRACTICES


Under the Copyright Law Which
Became Fully Effective on
January 1, 1978, Including
Title 17 of the United States
Code and Amendments Thereto


COPYRIGHT OFFICE
THE LIBRARY OF CONGRESS
WASHINGTON, D. C.  20559

1984

Chapter 1300

RENEWAL OF COPYRIGHT

Outline of Topics

1301            Background.

    1301.01        Works copyrighted before January 1, 1978.

1302            Time limits for renewal.

    1302.01        Informal applications.

1303            Computing term for published works.

    1303.01        Antedated notice.
    1303.02        Postdated notice.

1304            Computing term for unpublished works.

1305            Amendment after deadline.

1306            Date of receipt.

    1306.01        Delay in delivery caused by disruption of
                   postal or other services.

1307            Application received before the renewal year.

1308            Application received after the renewal year.

1309            Original registration.

    1309.01        Exception to requirement for original regis-
                   tration.

1310            Contributions to periodicals and composite works.

    1310.01        First publication basis.
    1310.02        Separate claims.
    1310.03        Identification of composite work.
    1310.04        Different claimants.
    1310.05        Group registrations.

- 1 -

[1984]

Chapter 1300
Renewal of Copyright
Outline of Topics                    - 2 -

1311            Works first published abroad in English.

    1311.01         Both editions registered.
    1311.02         Single renewal application.
    1311.03         Separate applications.
    1311.04         Installments.
    1311.05         Foreign edition never registered.
    1311.06         No U.S. edition.

1312            Renewal claimants: authors and their successors.

1313            Renewal claimants: authors.

    1313.01         Author still living.
    1313.02         Author's name not in records of original regis-
                    tration.
    1313.03         Term "author" defined for renewal purposes.

1314            Renewal claimants: widows, widowers, and children.

    1314.01         Single class.
    1314.02         Definition of widow or widower.
    1314.03         Definition of children.

1315            Renewal claimants: executors.

    1315.01         Qualification.
    1315.02         Personal right.
    1315.03         Intestate.

1316            Renewal claimants: next of kin.

    1316.01         Definition.
    1316.02         Will but no executor.

1317            Renewal claimants: proprietors.

    1317.01         Definition.
    1317.02         Derivation of title.
    1317.03         Posthumous works.
    1317.04         Composite works.
    1317.05         Individual contributions.
    1317.06         Corporate body.
    1317.07         Employer in the case of a work made for hire.

[1984]

Chapter 1300
Renewal of Copyright
Outline of Topics                    — 3 —

1318            Joint renewal claimants.

    1318.01        Several claimants, same application.
    1318.02        Later application, same work.
    1318.03        Adverse claims.
    1318.04        Adverse claims: conflicts concerning the author
                   and the author's successors.
    1318.05        Adverse claims: conflicts concerning proprietors,
                   authors, and authors' successors.

1319            Unacceptable renewal claims.

    1319.01        Personal right.
    1319.02        Deceased person.
    1319.03        Claimants not named, only status given.
    1319.04        Claimant fails to qualify.
    1319.05        Successors or representatives of claimants.
    1319.06        Assignment of renewal interests.
    1319.07        Extent of claim.

[1984]

1300-31


1318          <u>Joint renewal claimants.</u>  (cont'd)

   1318.05          <u>Adverse claims: conflicts concerning propri-</u>
                    <u>etors, authors, and authors's successors.</u>
                    (cont'd)

              3)   (cont'd)

                   in whose name registration has already been
                   made.  If so, registration will be made if
                   the applicant reasserts the claim.  If not,
                   a new application should be submitted con-
                   fining the claim to the material written
                   by employees for hire.

              4)   Where the original claim named an employer
                   in a work made for hire as the author, and
                   a renewal application names an individual
                   author, the Copyright Office will write to
                   the renewal applicant requesting informa-
                   tion concerning the circumstances under
                   which the work was written.  If the appli-
                   cant asserts that the work was not made
                   for hire, the renewal claim will be
                   registered on behalf of the author or the
                   author's statutory heirs.

1319          <u>Unacceptable renewal claims.</u>  The following general
              principles and practices govern the acceptability
              of renewal claims.

   1319.01          <u>Personal right.</u>  The right to claim renewal
                    copyright is a personal right.

   1319.02          <u>Deceased person.</u>  A renewal claim cannot
                    be registered in the name of a deceased
                    person.  The Copyright Office does not
                    search to determine whether or not the
                    renewal claimant is alive.  If, however,
                    the Copyright Office has information
                    that the claimant died before the
                    receipt in the Copyright Office of the
                    renewal application, the Office will
                    refuse to register the claim as
                    submitted.


[1984]

1300-32

1319          Unacceptable renewal claims.   (cont'd)

    1319.03          Claimant not named, only status given.
                     The renewal right accrues to an indi-
                     vidual person or firm, and not to a
                     status.  Claims by "the Executor of
                     James Fitzgerald" or "the executors of
                     the author" or by "the next of kin of
                     the author" without specifically
                     naming the claimant are not accept-
                     able.

    1319.04          Claimant fails to qualify.  The Copyright
                     Office cannot register a renewal claim
                     unless the basis of claim is one that is
                     acceptable under the statute.  If none of
                     the claimants listed in the statute exists
                     or can be identified, registration must
                     be refused.

    1319.05          Successors or representatives of claimants.
                     The successors or representatives of a person
                     who would have been entitled to claim renewal
                     if still living, are unacceptable renewal
                     claimants.  For example, the executor of the
                     author's widow is an unacceptable renewal
                     claimant.

    1319.06          Assignment of renewal interests.  Registra-
                     tion must be made in the name of the statutory
                     claimant, even though the statutory claimant
                     has assigned all of his or her interests in
                     the renewal term.  For example, registration
                     cannot be made in the names of an "assignee,"
                     "proprietor," "attorney in fact," or "owner
                     per agreement."

    1319.07          Extent of claim.  A renewal claim in a
                     published work can cover only the material
                     which was first published in that particular
                     version of the work.

    1319.07(a)          Later version.  The original author of a
                        published work cannot claim renewal in a
                        later version of that work unless that
                        author contributed to the new matter on
                        which copyright in the later version was

[1984]