UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

REGENT MUSIC CORPORATION,     07 CIV. 9510 (LLS)

            Plaintiff,

  -against-

SUGAR HILL MUSIC PUBLISHING, LTD.,
and JOSEPH ROBINSON, JR.,

            Defendants.

------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

This memorandum is submitted by defendants Sugar Hill Music Publishing, Ltd. and Joseph Robinson, Jr. in opposition to plaintiff Regent Music Corp.'s motion to reconsider the Court's January 25, 2008 Order dismissing the complaint upon the ground that plaintiff is neither the owner of record of the renewal copyright referred to in the complaint nor the exclusive licensee of the owner of record, Jerry Lordan.

## STATEMENT OF FACTS

Defendants moved to dismiss the complaint in this action upon the ground that plaintiff is neither the owner of record of the renewal copyright at issue nor the exclusive licensee of the owner of record, Jerry Lordan. While plaintiff alleges in paragraph 8 of the complaint that:

> Francis Day & Hunter Ltd. secured a United States Copyright registration in the composition on July 29, 1960 under Registration No. Efor 75663 and renewed it on March 7, 1988 under Registration No. RE 380196

the renewal registration (RE 380196) lists the "renewal claimant" as Jerry Lordan, and not Francis Day & Hunter Ltd. No assignment of this renewal copyright from Mr. Lordan to any other person or entity has been recorded in the Copyright Office, so that the owner of record is undeniably Jerry Lordan.

Based upon the fact that the copyright owner of record is Jerry Lordan, and not Francis Day & Hunter as alleged in the complaint, the Court properly dismissed the action pursuant to 17 U.S.C. §501(b), which states that:

> The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of Section 411, to institute an action for an infringement of that particular right committed while he or she is the owner of it.

Plaintiff has now moved for reconsideration and in support of his motion is relying upon a February 27, 2008 letter from the Copyright Office, which states that prior to 1992 "renewal registrations had to be made in the name of the statutory beneficiary," i.e., the author, Mr. Lordan. Furthermore, this letter states:

> Assignees of the statutory claimant had to reflect their ownership by recording a document under Section 205 of the Copyright Law.

2

It is uncontroverted that no document was ever recorded with respect to the renewal copyright at issue. Therefore, even assuming that the Copyright Office letter is considered, the complaint must still be dismissed since no assignment from Mr. Lordan was ever recorded, as required prior to 1992 renewals.

## POINT I

### CONSIDERATION OF NEW MATTERS IS INAPPROPRIATE ON A MOTION FOR RECONSIDERATION

Local Civil Rule 6.3 states that, on a motion for reconsideration:

> There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.... No affidavit shall be filed by any party unless directed by the Court.

The submission of the Copyright Office letter is inappropriate under the rules governing reconsideration and should not be considered.

## POINT II

### EVEN IF ADDITIONAL COPYRIGHT OFFICE MATERIALS ARE CONSIDERED, THEY ESTABLISH THAT PLAINTIFF HAS NO STANDING

As noted above, the Copyright Office letter states that "previous to 1992 renewal

registrations had to be made in the name of the statutory beneficiary." In other words prior to 1992, the author had the absolute right to the renewal copyright. The information in the letter is confirmed by the instructions to the renewal form RE (Exhibit A to this memo). Under the "who may claim renewal" section on the first page it is stated:

> Except in the case of four specific works [which are inapplicable here], the law gives the right to claim renewal to the individual author of the work, regardless of who owned the copyright during the original term.

As stated in the Copyright Office letter, the procedure prior to 1992 required an assignee of a renewal copyright to record the assignment with the Copyright Office:

> Assignees of the statutory claimant had to reflect their ownership by recording a document under Section 205 of the Copyright Law.

Similarly, Section 1319.06 of the 1994 Compendium of Copyright Office Practices submitted by plaintiff specifically states:

> Assignment of Renewal Interests. Registration must be made in the name of the statutory claimant even the statutory claimant has assigned all of his or her interests in the renewal term. For example, registration cannot be made in the names of an "assignee," "proprietor," "attorney in fact," or "owner per agreement."

4

As the author Jerry Lordan was the only proper renewal claimant under prior copyright law, and as this law required the recordation of assignments, plaintiff cannot maintain this action since there is no recorded assignment of Lordan's rights.

As held in Eden Toys, Inc. v. Florelee Undergarment Co., Inc., 697 F.2d 27, 32 (2d Cir. 1982):

> The Copyright Act authorizes only two types of claimants to sue for copyright infringement: (1) owners of copyright, and (2) persons who have been granted exclusive licenses by owners of copyrights.

The owner of the copyright at issue is Jerry Lordan. As plaintiff does not claim to have been granted an exclusive license from Mr. Lordan, it simply has no standing to pursue an action for infringement of Mr. Lordan's copyright. See, Plunket v. Doyle, 2001 WL 175252 (S.D.N.Y. 2001) at *5:

> Because plaintiff does not allege that she is either an owner or an exclusive licensee of the Literary Properties, she consequently lands standing to bring a copyright infringement action under Section 501(b), either directly or on behalf of the legal or beneficial owners of the Literary Properties.

## CONCLUSION

As plaintiff is neither the owner of the renewal copyright at issue or the owner's exclusive licensee, the complaint was properly dismissed and the motion for

5

reconsideration should be denied.

                                  Respectfully submitted,

                                  CINQUE & CINQUE, P. C.

                                  By:_____/s/_____
                                      James P. Cinque (JPC-3673)
                                  Attorneys for Defendants Sugar Hill
                                  Publishing, Ltd. and Joseph Robinson, Jr.
                                  845 Third Avenue, Suite 1400
                                  New York, New York 10022
                                  Telephone:  (212) 759-5515
                                  Email:     CINQUE845@aol.com

# Filling Out Application Form RE

*Detach and read these instructions before completing this form.*
*Make sure all applicable spaces have been filled in before you return this form.*

## BASIC INFORMATION

### How to Register a Renewal Claim:

**First:** Study the information on this page and make sure you know the answers to two questions:
(1) What is the renewal filing period in your case?
(2) Who can claim the renewal?

**Second:** Read through the specific instructions for filling out Form RE. Before starting to complete the form, make sure that the copyright is now eligible for renewal, that you are authorized to file a renewal claim, and that you have all of the information about the copyright you will need.

**Third:** Complete all applicable spaces on Form RE, following the line-by-line instructions. Use typewriter or print the information in black ink.

**Fourth:** Detach this sheet and send your completed Form RE to: Register of Copyrights, Library of Congress, Washington, D.C. 20559. Unless you have a Deposit Account in the Copyright Office, your application must be accompanied by a check or money order for $20, payable to: *Register of Copyrights*. Do not send copies, phonorecords, or supporting documents with your renewal application unless specifically requested to do so by the Copyright Office.

### What Is Renewal of Copyright?

For works copyrighted before January 1, 1978, the copyright law provides a first term of copyright protection lasting 28 years. These works were required to be renewed within strict time limits in order to obtain a second term of copyright protection lasting 47 years. If copyright originally secured before January 1, 1964, was not renewed at the proper time, copyright protection expired permanently at the end of the 28th year and could not be renewed.

**Public Law 102-307, enacted June 26, 1992,** amended the copyright law to extend automatically the term of copyrights secured between January 1, 1964, and December 31, 1977, to a further term of 47 years. This recent legislation makes renewal registration optional. The first term of copyright protection expires on December 31st of the 28th year of the original term of the copyright and the 47-year renewal term automatically vests in the party entitled to claim renewal as of that date.

### Some Basic Points About Renewal:

(1) A work is eligible for renewal registration at the beginning of the 28th year of the first term of copyright.
(2) There is no requirement to make a renewal filing in order to extend the original 28-year copyright term to the full term of 75 years; however, there are some benefits from making a renewal registration during the 28th year of the original term. (For more information, write to the Copyright Office for Circular 15.)
(3) Only certain persons who fall into specific categories named in the law can claim renewal.
(4) For works originally copyrighted on or after January 1, 1978, the copyright law has eliminated all renewal requirements and established a single copyright term and different methods for computing the duration of a copyright. (For further information, write the Copyright Office for Circular 15a.)

### Renewal Filing Period:

The amended copyright statute provides that, in order to register a renewal copyright, the renewal application and fee must be received in the Copyright Office
—within the last (28th) calendar year before the expiration of the original term of copyright or
—at any time during the renewed and extended term of 47 years.

To determine the filing period for renewal in your case:
(1) First, find out the date of original copyright for the work. (In the case of works originally registered in unpublished form, the date of copyright is the date of registration; for published works, copyright begins on the date of first publication.)
(2) Then add 28 years to the year the work was originally copyrighted.
Your answer will be the calendar year during which the copyright will become eligible for renewal. Example: A work originally copyrighted on April 19, 1966, will be eligible for renewal in the calendar year 1994.

To renew a copyright during the original copyright term, the renewal application and fee **must** be received in the Copyright Office within 1 year prior to the expiration of the original copyright. All terms of the original copyright run through the end of the 28th calendar year making the period for renewal registration during the original term from December 31st of the 27th year of the copyright through December 31st of the following year.

### Who May Claim Renewal:

Renewal copyright may be claimed only by those persons specified in the law. Except in the case of four specific types of works, the law gives the right to claim renewal to the individual author of the work, regardless of who owned the copyright during the original term. If the author is dead, the statute gives the right to claim renewal to certain of the author's beneficiaries (widow and children, executors, or next of kin, depending on the circumstances). The present owner (proprietor) of the copyright is entitled to claim renewal only in four specified cases as explained in more detail on the reverse of this page.

---

**PRIVACY ACT ADVISORY STATEMENT**
Required by the Privacy Act of 1974 (Public Law 93-579)

AUTHORITY FOR REQUESTING THIS INFORMATION:
● Title 17, U.S.C., Sec. 304

FURNISHING THE REQUESTED INFORMATION IS:
● Voluntary

BUT IF THE INFORMATION IS NOT FURNISHED:
● It may be necessary to delay or refuse renewal registration
● If renewal registration is not made before expiration of the original copyright term, ownership of the renewal term may be affected

PRINCIPAL USES OF REQUESTED INFORMATION:
● Establishment and maintenance of a public record
● Examination of the application for compliance with legal requirements

OTHER ROUTINE USES:
● Public inspection and copying
● Preparation of public indexes
● Preparation of public catalogs of copyright registrations
● Preparation of search reports upon request

NOTE:
● No other advisory statement will be given you in connection with this application
● Please keep this statement and refer to it if we communicate with you regarding this application

---

## LINE-BY-LINE INSTRUCTIONS
Please type or print using black ink.

### 1  SPACE 1: Renewal Claimant(s)

**General Instructions:** In order for this application to result in a valid renewal, space 1 must identify one or more of the persons who are entitled to renew the copyright under the statute. Give the full name and address of each claimant, with a statement of the basis of each claim, using the wording given in these instructions.

**For registration in the 28th year** of the original copyright term, the renewal claimant is the individual(s) or entity who is entitled to claim renewal copyright on the date filed.

**For registration after the 28th year** of the original copyright term, the renewal claimant is the individual(s) or entity who is entitled to claim renewal copyright on December 31st of the 28th year.

EXHIBIT A

**Persons Entitled to Renew:**

A. The following persons may claim renewal in all types of works except those enumerated in Paragraph B below:

1. The author, if living. State the claim as: *the author*

2. The widow, widower, and/or children of the author, if the author is not living. State the claim as:
   *the widow (widower) of the author* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   (Name of author)
   *and/or the child (children) of the deceased author* . . . . . . . . . . . . . . . . . . . . . . . .
   (Name of author)

3. The author's executor(s), if the author left a will and if there is no surviving widow, widower, or child. State the claim as:
   *the executor(s) of the author* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   (Name of author)

4. The next of kin of the author, if the author left no will and if there is no surviving widow, widower, or child. State the claim as:
   *the next of kin of the deceased author* . . . . . . . . . . . . . . . . . *there being no will.*
   (Name of author)

B. In the case of the following four types of works, the proprietor (owner of the copyright at the time of renewal registration) may claim renewal:

1. Posthumous work (a work published after the author's death as to which no copyright assignment or other contract for exploitation has occurred during the author's lifetime). State the claim as: *proprietor of copyright in a posthumous work.*

2. Periodical, cyclopedic, or other composite work. State the claim as: *proprietor of copyright in a composite work.*

3. "Work copyrighted by a corporate body otherwise than as assignee or licensee of the individual author." State the claim as: *proprietor of copyright in a work copyrighted by a corporate body otherwise than as assignee or licensee of the individual author.* (This type of claim is considered appropriate in relatively few cases.)

4. Work copyrighted by an employer for whom such work was made for hire. State the claim as: *proprietor of copyright in a work made for hire.*

## 2 SPACE 2: Work Renewed

**General Instructions:** This space is to identify the particular work being renewed. The information given here should agree with that appearing in the certificate of original registration.

**Title:** Give the full title of the work, together with any subtitles or descriptive wording included with the title in the original registration. In the case of a musical composition, give the specific instrumentation of the work.

**Renewable Matter:** Copyright in a new version of a previously published or copyrighted work (such as an arrangement, translation, dramatization, compilation, or work republished with new matter) covers only the additions, changes, or other new material appearing for the first time in that version. If this work was a new version, state in general the new matter upon which copyright was claimed.

**Contribution to Periodical, Serial, or other Composite Work:** Separate renewal registration is possible for a work published as a contribution to a periodical, serial, or other composite work, whether the contribution was copyrighted independently or as part of the larger work in which it appeared. Each contribution published in a separate issue ordinarily requires a separate renewal registration. However, the law provides an alternative, permitting groups of periodical contributions by the same individual author to be combined under a single renewal application and fee in certain cases.

If this renewal application covers a single contribution, give all of the requested information in space 2. If you are seeking to renew a group of contributions, include a reference such as "See space 5" in space 2 and give the requested information about all of the contributions in space 5.

## 3 SPACE 3: Author(s)

**General Instructions:** The copyright secured in a new version of a work is independent of any copyright protection in material published earlier. The only "authors" of a new version are those who contributed copyrightable matter to it. Thus, for renewal purposes, the person who wrote the original version on which the new work is based cannot be regarded as an "author" of the new version, unless that person also contributed to the new matter.

**Authors of Renewable Matter:** Give the full names of all authors who contributed copyrightable matter to this particular version of the work.

## 4 SPACE 4: Facts of Original Registration

**General Instructions:** Each item in space 4 should agree with the information appearing in the original registration for the work. If the work being renewed is a single contribution to a periodical or composite work that was not separately registered, give information about the particular issue in which the contribution appeared. You may leave this space blank if you are completing space 5.

**Original Registration Number:** Give the full registration number, which is a series of numerical digits, preceded by one or more letters. The registration number appears in the upper right hand corner of the front of the certificate of registration.

**Original Copyright Claimant:** Give the name in which ownership of the copyright was claimed in the original registration.

**Date of Publication or Registration:** Give only one date. If the original registration gave a publication date, it should be transcribed here; otherwise the registration was for an unpublished work, and the date of registration should be given.
NOTE: An original registration is not required but there are supplemental deposit requirements. You may call or write the Renewals Section for details. Phone 202-707-8180, or FAX 202-707-3849.
Renewals Section, LM 449
Copyright Office
Library of Congress
Washington, D.C. 20559

## 5 SPACE 5: Group Renewals

**General Instructions:** A renewal registration using a single application and $20 fee can be made for a group of works if **all** of the following statutory conditions are met: (1) all of the works were written by the same author, who is named in space 3 and who is or was an individual (not an employer for hire); (2) all of the works were first published as contributions to periodicals (including newspapers) and were copyrighted on their first publication; (3) the renewal claimant or claimants and the basis of claim or claims, as stated in space 1, are the same for all of the works; (4) the renewal application and fee are received not less than 27 years after the 31st day of December of the calendar year in which all of the works were first published; and (5) the renewal application identifies each work separately, including the periodical containing it and the date of first publication.

**Time Limits for Group Renewals:** To be renewed as a group, all of the contributions must have been first published during the same calendar year. For example, suppose six contributions by the same author were published on April 1, 1965, July 1, 1965, November 1, 1965, February 1, 1966, July 1, 1966, and March 1, 1967. The three 1965 copyrights can be combined and renewed at any time during 1993, and the two 1966 copyrights can be renewed as a group during 1994, but the 1967 copyright must be renewed by itself, in 1995.

**Identification of Each Work:** Give all of the requested information for each contribution. The registration number should be that for the contribution itself if it was separately registered, and the registration number for the periodical issue if it was not.

## 6,7,8 SPACE 6,7,8: Fee, Correspondence, Certification, Return Address

**Fee:** The Copyright Office has the authority to adjust fees at 5-year intervals, based on changes in the Consumer Price Index. The next adjustment is due in 1996. Please contact the Copyright Office after July 1995 to determine the actual fee schedule.

**Deposit Account and Correspondence (Space 6):** If you maintain a Deposit Account in the Copyright Office, identify it in space 6. Otherwise, you will need to send the renewal registration fee of $20 with your form. The space headed "Correspondence" should contain the name and address of the person to be consulted if correspondence about the form becomes necessary.

**Certification (Space 7):** The renewal application is not acceptable unless it bears the handwritten signature of the renewal claimant or the duly authorized agent of the renewal claimant.

**Address for Return of Certificate (Space 8):** The address box must be completed legibly, since the certificate will be returned in a window envelope.

07 CIV. 9510 (LLS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

REGENT MUSIC CORPORATION,

Plaintiff,

-against-

SUGAR HILL MUSIC PUBLISHING, LTD.
and JOSEPH ROBINSON, JR.

Defendants.

------------------------------------------------------------X

DEFENDANTS' MEMORANDUM
OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR RECONSIDERATION

------------------------------------------------------------X

CINQUE & CINQUE, P. C.
Attorneys for Defendants
845 Third Avenue, Suite 1400
New York, New York  10022
Telephone #:  (212) 759-5515
Telefax #:     (212) 759-7737
Email:         CINQUE845@aol.com