UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
REGENT MUSIC CORPORATION,          :

                Plaintiff,                  :

    -against-                                  :           AMENDED COMPLAINT
                                                  07 Civ. 9510 (LLS)
SUGAR HILL MUSIC PUBLISHING LTD.,:
and JOSEPH ROBINSON, JR.
                                         :

                Defendants.
------------------------------------------------------X

RECEIVED MAR 28 2008 U.S.D.C. S.D.N.Y. CASHIERS

       Plaintiff Regent Music Corporation, by its attorneys, Eisenberg Tanchum & Levy, for its Amended Complaint alleges as follows:

The Parties

       1. Plaintiff Regent Music Corporation ("Regent") is a corporation duly organized and existing under the laws of the State of New York, and having its principal place of business at 630 Ninth Avenue, Suite 1004, New York, New York 10036-3744. At all relevant times Regent was and continues to be a company engaged in the business of publishing and otherwise commercially exploiting musical compositions.

       2. Defendant Sugar Hill Music Publishing Ltd. ("Sugar Hill") is, upon information and belief, a corporation organized and existing under the laws of the State of New Jersey, and having its principal place of business at 96 West Street, Englewood, New Jersey 07631. Upon information and belief, at all relevant times Sugar Hill was and continues to be a company engaged in the business of publishing and otherwise commercially exploiting musical compositions.

       3. Defendant Joseph Robinson, Jr. ("Robinson"), upon information and belief, was at all relevant times and continues to be, a citizen and resident of New Jersey and the president and owner

of Sugar Hill.

4. Regent at all relevant times was and continues to be the exclusive sub-publisher and administrator for the United States and Canada of the musical composition entitled, "Apache," written by Jerry Lordan (the "Composition") and owned by Francis, Day & Hunter, Ltd., a London, England-based publisher. In that capacity Regent is empowered to commence legal proceedings to protect the Composition from infringement.

## Jurisdiction and Venue

5. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338(c) in that the controversy arises under an Act of Congress relating to copyright; to wit, the copyright laws of the United States (17 U.S.C. §101). The conduct of Sugar Hill and Robinson constitute acts of copyright infringement.

6. To the extent that this action is also based upon state law claims, this Court has supplemental jurisdiction thereof.

7. Venue is proper under 28 U.S.C. §1391 in that, upon information and belief, Sugar Hill and Robinson transact and do business in the Southern District of New York, and the claims herein arise in the City, State, County and Southern District of New York.

## The Facts

### Standing

7. By agreement dated December 11, 1959, Lordan assigned to Francis, Day & Hunter, Ltd. "ALL the Copyright...., including the renewal copyright as conferred by the law of the United States of America, in the musical composition entitled, "Apache!" (the "Songwriter's Agreement").

8. In accordance with its rights under the Agreement, Francis, Day & Hunter, Ltd. on July 29, 1960 secured a United States copyright registration in the Composition under Registration No.

Efor 75663.

9. At approximately the same time Francis, Day & Hunter, Ltd., entered into an agreement with Regent dated July 22, 1960, pursuant to which Regent became the sub-publisher and administrator of the Composition in the United States and Canada. (the "Sub-Publishing Agreement").

10. On March 7, 1988, Regent, in its capacity as sub-publisher and administrator in the United States of the Composition, renewed the copyright in the Composition under Registration No. RE 380196.

11. In accordance with the practices and policies of the United States Copyright Office in effect at the time of the filing of the renewal certificate, which required the registration to be made in the name of the statutory claimant even though such claimant had assigned all of his interests in the renewal term, the renewal certificate listed Jerry Lordan as the copyright claimant care of Francis Day & Hunter, Ltd., even though ownership of the Composition during its renewal term of copyright protection remained with Francis Day & Hunter, Ltd.

12. The fact that Lordan was listed on the renewal copyright certificate as the copyright claimant did not in any way diminish the ownership rights in the Composition which Francis Day & Hunter, Ltd. had in the Composition pursuant to the terms of the Songwriter's Agreement.

13. Subsequent to the filing of the copyright renewal certificate Regent filed both the Songwriter's and Sub-Publishing Agreements with the United States Copyright Office.

14. At all times prior to the commencement of this action Regent, in respect of the Composition, and acting on behalf of Francis, Day & Hunter Ltd., has fully complied with the statutory formalities governing copyrights, including the display of appropriate notices on all copies distributed and sold to the general public.

Sugar Hill's Prior Acts of Infringement

15. In 1982 a dispute arose involving the infringing use of the Composition by Sugar Hill and its affiliated record company, Sugar Hill Records, which had created and commercially exploited an unauthorized "rap" version of the Composition.

16. In settlement of this dispute, Sugar Hill, together with Sugar Hill Records and the purported authors of the "rap" version of the Composition, signed a document dated February 25, 1982, pursuant to which they acknowledged that their "rap" version of the Composition infringed the Composition. In this document they agreed "to cease and desist from further use or exploitation of the infringing versions of said composition, except as may otherwise be licensed by Francis, Day & Hunter Ltd. (England), Regent Music Corp. or their authorized agents." (the "Agreement").

17. At the same time, Sugar Hill, together with the purported authors of the "rap" version of the Composition, signed a written document whereby they quitclaimed, released and assigned to Francis, Day & Hunter, Ltd. "all such rights, title and interest as they may have in and to" their "rap" version of the Composition" free and clear of any and all obligations on the part of Francis, Day & Hunter or its administrator for the United States and Canada, Regent Music Corp., to account for and pay ... any royalties whatsoever derived from exploitation of [their "rap" version of the Composition] anywhere in the world." (the "Quitclaim") The Quitclaim went on to acknowledge that the signatories had no right to receive "any public performance royalties earned from public performances of the composition."

Defendants' Continuing Acts of Infringement

18. Despite the Agreement and the Quitclaim, Sugar Hill and Robinson have continued to claim ownership of the Composition and collect monies generated from its commercial exploitation, including royalties paid in connection with the song entitled, "Thought @Work," performed by the

group The Roots and included in their album entitled, "Phrenology." That song included a sample of the Composition, and the use of such sample was, upon information and belief, licensed to The Roots or the group's representatives by Sugar Hill and Robinson in clear violation of the terms of both the Agreement and the Quitclaim.

### First Claim

19. Regent repeats and realleges each and every allegation set forth in paragraphs 1 through 18 hereof with the same force and effect as if fully set forth herein.

20. Sugar Hill's actions in claiming rights in and to the Composition constitute a material breach of both the Agreement and the Quitclaim.

21. As a result of Sugar Hill's material breach of the Agreement and Quitclaim Regent has been damaged in an amount to be determined by this Court.

### Second Claim

22. Regent repeats and realleges each and every allegation set forth in paragraphs 1 through 18 hereof with the same force and effect as if fully set forth herein.

23. Each of the defendants, Sugar Hill and Robinson, is a copyright infringer with respect to their unauthorized actions in licensing the Composition to third parties, collecting monies resulting from the commercial exploitation of the Composition and otherwise representing to third parties that they have rights in the Composition which they do not possess.

24. As a result of the foregoing, Regent is entitled to a permanent injunction prohibiting Sugar Hill and Robinson from claiming ownership or control over the Composition or in any way infringing upon the rights of Regent and Francis, Day & Hunter, Ltd. in the Composition.

### Third Claim

25. Regent repeats and realleges each and every allegation set forth in paragraphs 1 through

18 hereof with the same force and effect as if fully set forth herein.

26. The infringements by Sugar Hill and Robinson were willful.

WHEREFORE, plaintiff Regent Music Corporation demands judgment as follows:

a. On the first claim, directing that defendant Sugar Hill Music Publishing, Ltd. pay to plaintiff Regent Music Corporation damages in an amount to be determined by this Court, exclusive of interest and costs.

b. On the second claim:

(1) directing that defendants Sugar Hill Music Publishing, Ltd. and Joseph Robinson, Jr., their agents, servants and assigns be enjoined during the pendency of this action and permanently from infringing in any manner the copyright of Francis, Day & Hunter, Ltd. in the composition entitled, "Apache" written by Jerry Lordan;

(2) that defendants Sugar Hill Music Publishing, Ltd. and Joseph Robinson, Jr. be required to pay, jointly and severally, to plaintiff Regent Music Corporation such damages as Regent Music Corporation has sustained in consequence of defendants' infringement of said copyright, and to account for and pay to plaintiff all gains, profits, and advantages derived by defendants from their infringement of the copyright (the total amount to be determined by the Court at a trial of this action) or such damages as to the Court shall appear proper within the provisions of the copyright law, but not less than two hundred and fifty ($250) dollars per infringement pursuant to the provisions of 17 U.S.C.§504(c)(1); and

(3) that defendants Sugar Hill Music Publishing, Ltd. and Joseph Robinson, Jr. be required to deliver up to be impounded during the pendency of this action, and for destruction after the trial of this action, all infringing material in their possession and/or under their control.

c. On the third claim, directing that plaintiff Regent Music Corporation be awarded the same

relief against defendants Sugar Hill Music Publishing, Ltd. and Joseph Robinson, Jr. as requested in the second claim of the complaint, except that in the event that plaintiff's actual damages and/or defendants' profits from their infringing acts are less than one hundred fifty thousand ($150,000) dollars per infringement, that plaintiff, in the discretion of the Court, be awarded statutory damages in the amount of one hundred fifty thousand ($150,000) dollars for each infringement pursuant to the provisions of 17 U.S.C. §504(c)(2).

d. On each of the second and third claims, directing pursuant to 17 U.S.C.§505 that defendants Sugar Hill Music Publishing, Ltd. and Joseph Robinson, Jr., jointly and severally, pay to plaintiff Regent Music Corporation the costs of this action and the reasonable attorney's fees to be allowed to plaintiff by the Court.

e. Granting such other and further relief as to the Court seems just and proper, together with the costs and disbursements of this action, including a reasonable allowance for counsel fees and interest according to law.

Dated: New York, New York
March 27, 2008

> EISENBERG TANCHUM & LEVY
> Attorneys for Plaintiff Regent Music Corporation
>
> By: _____
> Stewart L. Levy (SLL-2892)
> 675 Third Avenue
> New York, New York 10017
> (212) 599-0777

To: Cinque & Cinque, P.C.
Attorneys for Defendants
845 Third Avenue
Suite 1400
New York, New York 10022
(212) 759-5515