UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

REGENT MUSIC CORPORATION,   07 CIV. 9510 (LLS)

            Plaintiff,

  -against-   DECLARATION IN SUPPORT
                                                       OF MOTION TO DISMISS
SUGAR HILL MUSIC PUBLISHING, LTD.,   AMENDED COMPLAINT
and JOSEPH ROBINSON, JR.,

           Defendants.

------------------------------------------------------------X

      JAMES P. CINQUE declares under penalty of perjury pursuant to 28 U.S.C. §1746:

      1. I am a member of Cinque & Cinque, P. C., attorneys for defendants. I have knowledge of the facts set forth herein and submit this declaration in support of defendants' motion to dismiss the amended complaint in this action (Exhibit "A"), due to the fact that the record owner of the renewal copyright is Jerry Lordan and neither plaintiff nor plaintiff's principal ever filed any assignment of this renewal copyright, which was required under the copyright law at the time.

      2. Defendants previously moved to dismiss the complaint upon the ground that the record owner of the copyright was Jerry Lordan, and not plaintiff or its principal Francis Day & Hunter, Ltd. The Court granted this motion, but granted plaintiff leave to amend provided that plaintiff could set forth "facts establishing its standing to maintain the action."

3. In paragraph 11 of the amended complaint plaintiff relies upon "practices and policies of the United States Copyright Office in effect at the time of the filing of the renewal certificate [1988]" in support of its position that the author Jerry Lordan had to be listed as the statutory copyright claimant:

> 11. In accordance with the practices and policies of the United States Copyright Office in effect at the time of the filing of the renewal certificate, which required the registration to be made in the name of the statutory claimant even though such claimant had assigned all of his interests in the renewal term, the renewal certificate listed Jerry Lordan as the copyright claimant care of Francis Day & Hunter, Ltd., even though ownership of the Compositions during its renewal term of copyright protection remained with Francis Day & Hunter, Ltd.

The support for this allegation is a February 27, 2008 letter from the Copyright Office to plaintiff's counsel Stewart Levy (Exhibit "B"), which states that: "Previous to 1992 renewal registrations had to be made in the name of the statutory beneficiary." However, this letter goes on to state that, under the law prior to 1992, assignments of renewal interests were required:

> Assignees of the statutory claimant had to reflect their ownership by recording a document under Section 205 of the Copyright Law.

As explained in the accompanying memorandum, recordation of assignments was required prior to 1992 if the assignee wanted to sue for infringement.

2

4. I recently reviewed the Copyright Office records for the composition at issue in this action ("Apache") and noted that there is no assignment on file even to this date, let alone one having been made in 1988 as required (see Exhibit "C," a printout of Copyright Office records for the "Apache" renewal registration).

5. As no assignment of the 1988 renewal copyright was made as required prior to 1992, plaintiff (the alleged sub-publisher of Lordan's assignee) has no standing to pursue a copyright infringement action.

I hereby declare the truth of the foregoing statements under penalty of perjury pursuant to 28 U.S.C.§ 1746.

Executed this 11th day of April, 2008 at New York, New York.

_____/s/_____
JAMES P. CINQUE