```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

REGENT MUSIC CORPORATION,                    07 CIV. 9510 (LLS)

                Plaintiff,
    -against-

SUGAR HILL MUSIC PUBLISHING, LTD.,
and JOSEPH ROBINSON, JR.,

                Defendants.
-----------------------------------------------------------X
```

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

This memorandum is submitted by defendants Sugar Hill Music Publishing, Ltd. and Joseph Robinson, Jr. in support of their motion to dismiss the amended complaint.

### STATEMENT OF FACTS

The Court previously granted defendants' motion to dismiss the complaint upon the ground that plaintiff lacked standing to sue for copyright infringement since the record owner of the copyright was Jerry Lordan, and not plaintiff or its principal Francis Day & Hunter, Ltd., Lordan's alleged assignee. The Court granted plaintiff leave to file an amended complaint "setting forth facts establishing its standing to maintain the action."

Plaintiff's amended complaint cites "the practices and policies of the United States

Copyright Office in effect at the time of the filing of the renewal certificate, which required the registration to be made in the name of the statutory claimant even though such claimant had assigned all of his interests in the renewal term." As support for this proposition plaintiff relies upon a February 27, 2008 letter from the Copyright Office, stating that "previous to 1992 renewal registrations had to be made in the name of the statutory beneficiary."

However, this letter goes on to state that "assignees of the statutory claimant had to reflect their ownership by recording a document under Section 205 of the Copyright Law." Neither plaintiff nor its principal filed any assignment from Lordan in 1988, when the renewal registration was filed. In fact, there is no assignment of record to date.

## POINT I

### UNDER COPYRIGHT LAW IN EFFECT IN 1988 AN ASSIGNMENT HAD TO BE FILED BEFORE AN ASSIGNEE COULD SUE

The relevant copyright law in effect at the time of the filing of the renewal certificate in 1988 required that the assignee file its assignment before it could sue for infringement:

> 17 U.S.C. §205(d) mandates that recordation of the transfer is a jurisdictional prerequisite to an infringement action. Failure to comply with that provision deprives the Court of subject matter jurisdiction.

Techniques, Inc. v. Rohn, 592 F. Supp. 1195, 1197 (S.D.N.Y. 1984). See also: Nation's

2

Choice Vitamin Co., Inc. v. General Mills, Inc., 526 F. Supp. 1014, 1017 (S.D.N.Y. 1981):

> Recordation of the exclusive copyright transfer between American Greetings and Nation's Choice is a jurisdictional prerequisite to maintenance of a copyright infringement action. See *Co-Opportunities, Inc. v. National Broadcasting Company, Inc.*, 510 F.Supp. 43, 48 (N.D.Cal.1981); *Ruskin v. Sunrise Management, Inc.*, 506 F.Supp. 1284, 1288 (D.Col.1981); and *Burns v. Rockwood Distributing Co.*, 481 F.Supp. 841, 847 (N.D.Ill.1979). Therefore, plaintiff's failure to comply with this condition precedent strips this court of subject matter jurisdiction over plaintiff's copyright claim.

As no assignment of Lordan's renewal copyright was filed in 1988 as required under the law applicable at the time, plaintiff lacks standing to sue for infringement of this renewal copyright.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss the amended complaint should in all respects be granted.

Respectfully submitted,

CINQUE & CINQUE, P. C.

By:_____/s/_____
James P. Cinque (JPC-3673)
Attorneys for Defendants Sugar Hill
Publishing, Ltd. and Joseph Robinson, Jr.
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: (212) 759-5515
Email:   CINQUE845@aol.com