```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
REGENT MUSIC CORPORATION,              :     07 CV 9510 (LLS)(AJP)

                      Plaintiff,       :

     -against-                          :

SUGAR HILL MUSIC PUBLISHING LTD.,      :
and JOSEPH ROBINSON, JR.
                                        :
                      Defendants.
-------------------------------------------------------------X
```

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Preliminary Statement

This memorandum of law is submitted by plaintiff Regent Music Corporation ("Regent" or "Plaintiff") in opposition to the motion to dismiss the amended complaint brought by defendants Sugar Hill Music Publishing, Ltd. ("Sugar Hill") and Joseph Robinson, Jr. ("Robinson") (collectively referred to as "Defendants") in which the Defendants claim that Plaintiff cannot bring this copyright infringement action because certain documents relating to the underlying musical composition in this action were not first recorded with the Copyright Office when a copyright renewal was secured in 1988.

This latest effort by the Defendants to avoid judicial scrutiny of their unlawful acts is a deliberate attempt to mislead the Court by presenting wholly inapplicable law. Defendants' motion must fail for the following reasons: (a) there has been no change of ownership of the subject musical composition since 1959 that would require the filing of any assignment of ownership interest with the Copyright Office or prevent the Plaintiff from maintaining this action; (b) the excerpted portion of the Copyright Act of 1976 cited by the Defendants and requiring the recordation of copyright

assignments was repealed almost twenty (20) years ago and has no legal effect or bearing on the facts of this case; and (c) the law governing the subject musical composition, the Copyright Act of 1909 ("1909 Act"), contains no mandatory recordation obligations with respect to assignments.

## Statement Of Facts

*The Composition*

Plaintiff is the exclusive sub-publisher and administrator in the United States and Canada of the musical composition entitled, "Apache," (the "Composition") written by Jerry Lordan and owned by Francis, Day & Hunter, Ltd. ("Francis Day"), a London, England-based publisher (Amd. Cplt., ¶4, attached as Exhibit A to the Defendants' motion papers). Francis, Day acquired its ownership interest in the Composition by virtue of a written agreement into which it entered with Jerry Lordan dated December 11, 1959. [A copy of which is annexed as Exhibit A to the affidavit of Stewart L. Levy dated April 18, 2008 ("Levy Aff.")]. Francis Day, the owner of the Composition, also became the formal copyright claimant by securing a copyright registration (Registration No. EFO 75663), for the Composition on July 29, 1960 (Levy Aff., Ex. B). Pursuant to the mandates of the 1909 Act, Plaintiff, as Francis Day's sub-publisher and administrator of the Composition, then renewed the copyright in the Composition (Renewal Registration No. RE 380196) on March 7, 1988 in accordance with the Copyright Office practices then in effect[1]. (Levy Aff., Ex. C). Francis Day has retained exclusive ownership of the Composition since 1959 and has not assigned or transferred any portion of its ownership interest to any party through the present day.

---

[1] The *Compendium of Copyright Office Practices II* §1319.06 (1984), the internal Copyright Office rules in effect in 1988, state that "Registration [of renewal claims] <u>must be made in the name of the statutory claimant</u> [the original author], even though the statutory claimant has assigned all of his or her interests in the renewal term. For example, registration cannot be made in the names of an 'assignee,' 'proprietor,' 'attorney in fact,' or 'owner per agreement.'" (emphasis added) (Levy Aff, Ex. D).

2

Although there has been no transfer of ownership of the Composition since its initial registration with the Copyright Office and even though it was not required under either the 1909 Act or the current law, Plaintiff submitted the original 1959 copyright assignment from Jerry Lordan to Francis Day (Levy Aff., Ex. D) as well as the sub-publishing agreement between Francis Day and Regent (Levy Aff., Ex. E) to the Copyright Office on March 5, 2008 for recordation. Plaintiff has filed these documents simply as an exercise of caution given the history of this case and as a preferred practice to guard against potential claims from third parties, <u>unlike the Defendants in this action</u>, who might claim rights to the Composition arising out of a license issued by Jerry Lordan or his heirs.

*The Parties*

In 1982, as settlement of a dispute between Regent and defendant Sugar Hill and its affiliated record company, Sugar Hill Records, stemming from the latter's creation and commercial exploitation of an unauthorized "rap" version of the Composition, Sugar Hill, together with Sugar Hill Records and the purported authors of the "rap" version of the Composition, entered into certain written agreements. In those agreements, Sugar Hill and Sugar Hill Records acknowledged that they had infringed upon Regent's and Francis Day's rights to the Composition, agreed to cease their infringing conduct, and assigned to Francis Day any and all rights the infringing parties may have had in their version of the Composition. (Amended Cplt., ¶¶15-16). Despite the plain language of these agreements, Sugar Hill and its principal, Robinson, have continued to assert ownership of the Composition and collect monies generated from its commercial exploitation in violation of Regent's rights pursuant to 17 U.S.C. 101 *et seq*.

This Action

Plaintiff commenced this action on October 24, 2007. Defendants moved to dismiss the case on the ground that since the copyright renewal certificate listed the Composition's author, Jerry Lordan, as the renewal copyright claimant, Plaintiff lacked standing to bring its claims. The Court granted the motion to the extent of dismissing the complaint without prejudice, but with leave for Plaintiff to file an amended complaint "showing that the complaining party has standing to bring the claim."

In response, Regent moved for reconsideration of the order, pointing out that the relevant rules and regulations of the Copyright Office at the time the renewal certificate had been filed required that Lordan be listed as the copyright claimant, but that such listing in no way affected Plaintiffs' ownership rights in the Composition or ability to commence litigation to enforce those rights. The Court, in lieu of reconsidering its decision, reaffirmed its prior order granting Plaintiff leave to file an amended complaint. Plaintiff thereupon filed the amended complaint on March 27, 2008 and Defendants brought their current motion to dismiss it on April 11, 2008.

## ARGUMENT

### I

**SINCE FRANCIS DAY HAS BEEN THE SOLE OWNER AND COPYRIGHT CLAIMANT OF THE COMPOSITION SINCE 1959, THERE ARE NO ASSIGNMENTS TO THIRD PARTIES THAT MUST BE RECORDED WITH THE COPYRIGHT OFFICE OR WHICH WOULD PREVENT THE COMMENCEMENT OF THIS INFRINGEMENT ACTION AGAINST THE DEFENDANTS**

Francis Day has been the sole and exclusive owner of the Composition since 1959 (Levy Aff., Ex. A) and the copyright claimant since 1960 (Levy Aff., Ex. B). In 1988, in order to maintain the registration, Plaintiff secured a renewal registration on Francis Day's behalf. Pursuant to the 1909 Act, and in accordance with the rules then in effect at the Copyright Office,

the claimant in the renewal copyright was listed as being the author of the Composition, Jerry Lordan. (Levy Aff., Ex. D). This listing, however, did not affect ownership rights in the Composition, which rights remained with Francis Day and its American agent, Regent.

*Vapac Music Publ'g, Inc. v. Tuff 'N' Rumble Mgmt.*, 2000 U.S. Dist. LEXIS 10027, *8-10; 55 U.S.P.Q.2D (BNA) 1763 (S.D.N.Y. 2000) is a case directly on point. *Vapac* involved a copyright ownership claim asserted by the co-author of the song in question, who in 1992, pursuant to the 1984 Copyright Office rules and regulations then in effect, renewed the copyright in his name, even though he had contractually assigned such renewal rights to the publisher, plaintiff Vapac Music Publishing's predecessor in interest. The Court rejected the author's ownership claim, holding that simply securing a renewal registration in his name did not transfer ownership of the copyright to him. Instead, the Court noted that at the time the application for the renewal had to have been filed, the application had to have been made in the name of the author, and that such renewal registration merely "had the effect of renewing the copyright for Vapac's benefit and subject to Vapac's ownership." *See also Compendium of Copyright Office Practices II* §1319.06 (Levy Aff., Ex. D).

Francis Day has owned the copyright in the Composition, both in its initial and renewal terms, since it acquired the copyright in 1959 from Lordan. The copyright renewal certificate, although listing Lordan as the copyright claimant in order to conform to the rules of the Copyright Office then in effect, did not result in any change or transfer in those rights. Since 1960, Francis Day has also complied with all statutory formalities with respect to the Composition under both the 1909 Act and the Copyright Act of 1976 prior to commencing this action. Regent, on behalf of Francis Day, secured a copyright registration in 1960 and a renewal registration in 1988. There are no other documents that must be filed with the Copyright Office

that relate to the ownership of the Composition. This action should, therefore, be allowed to proceed and Defendants' motion to dismiss the amended complaint denied.

## II

## SINCE NEITHER THE 1909 ACT NOR CURRENT COPYRIGHT LAW REQUIRE RECORDATION OF ASSIGNMENTS, DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT MUST BE DENIED

In support of their motion to dismiss the amended complaint and their argument that recordation of a copyright assignment is a prerequisite for bringing this action, Defendants cite a version of 17 U.S.C. §205(d)[2] (the Copyright Act of 1976) that was repealed in 1989. The relevant provisions of the <u>current</u> law, which was revised as part of the Berne Convention Implementation Act, in effect since March 1, 1989, replaced the earlier language, which had required recordation of copyright assignments prior to commencing an action, with a non-mandatory provision dealing with the issue of priority when dealing with conflicting transfers recorded with the Copyright Office. *See* 17 U.S.C. §205(d) (2008)[3]; *Lida, Inc. v. Texollini, Inc.*, 768 F. Supp. 439, 443, n.4 (S.D.N.Y. 1991) ("Recordation of transfer is not at issue because the recent amendments to the copyright law have eliminated 17 U.S.C. § 205(d), the requirement for recordation of transfers"); *Kenbrooke Fabrics, Inc. v. Soho Fashions, Inc.*, 1989 U.S. Dist. LEXIS 11588, n.1 (S.D.N.Y. 1989) (The "requirement of

---

[2] The initial language of 17 U.S.C. §205(d) stated: "No person claiming by virtue of a transfer to be the owner of a copyright or any exclusive right under a copyright is entitled to institute an infringement action under this title until the instrument of transfer under which such person claims has been recorded in the Copyright Office, but suit may be instituted after such recordation on a cause of action that arose before recordation."

[3] 17 U.S.C. 205(d) now reads as follows: "Priority between conflicting transfers. As between two conflicting transfers, the one executed first prevails if it is recorded, in the manner required to give constructive notice under subsection (c), within one month after its execution in the United States or within two months after its execution outside of the United States, or at any time before recordation in such manner of the later transfer. Otherwise the later transfer prevails if recorded first in such manner, and if taken in good faith, for valuable consideration or on the basis of a binding promise to pay royalties, and without notice of the earlier transfer." This section is of no help to the Defendants in this action as they have not alleged that they are holders in due course of a license issued by the author of the Composition, Jerry Lordan, or his heirs. Nor have Defendants asserted that they have recorded any transfer or assignment granting them any rights to the Composition with the Copyright Office. 17 U.S.C. §205(d) is, therefore, not relevant to this case.

recordation as a prerequisite to an infringement suit was repealed as to claims that accrued after the Berne Convention on copyright, 17 U.S.C. § 205(d) (Supp. 1989), entered into force as to the United States, which occurred on March 1, 1989"); and *AMC Film Holdings LLC v. Rosenberg*, 2005 U.S. Dist. LEXIS 36961 (E.D.N.Y. 2005) ("there is no longer a requirement that the transfer be recorded in order for the transferee to commence an action"). Significantly, the only cases which Defendants' cite in support of their claim that recordation of an assignment is a requirement for bringing a lawsuit involving a copyright, *Techniques, Inc. v. Rohn*, 592 F.Supp. 1195 (S.D.N.Y. 1984) and *Nation's Choice Vitamin Co., Inc. v. General Mills, Inc.*, 526 F.Supp. 1014 (S.D.N.Y. 1981), were both decided before the earlier version of 178 U.S.C. 205(d) was repealed in 1989. Defendants can cite no case that applied the repealed section 205(d) of the Copyright Act of 1976 to actions arising after March 1, 1989.[4]

There is, simply put, no requirement under the current Copyright Act that Plaintiff, on behalf of Francis Day, record with the Copyright Office any documents, other than the copyright registration, prior to the commencement of a copyright infringement action. Nor did any such restriction exist under the 1909 Act in effect at the time the copyright registration in the Composition was originally filed (1960). *See* 3-12 Nimmer on Copyright § 12 (2008). Moreover, the 1909 Act does not require the recordation of assignments with the Copyright Office prior to the commencement of an infringement action. *See* 8-6 Nimmer on Copyright § 30 (2008); 17 U.S.C. §30 (1909 Act); and <u>Co-Opportunities, Inc. v. National Broadcasting Co.</u>, 510 F. Supp. 43, 48 (N. D.

---

[4] Defendants also fail to note that, even under the old law, courts permitted a copyright infringement action to continue even though the assignment had not been first recorded with the Copyright Office. In *Northern Songs, Ltd. v. Distinguished Productions, Inc.*, 581 F. Supp. 638, 641 (S.D.N.Y. 1984) the Court permitted the case to proceed when the defendants "had actual notice of the transfer." In another case, leave to serve an amended complaint once the recordation process had been completed, was freely given. *See Dan-Dee Imports, Inc. v. Well-Made Toy Mfg. Corp.*, 524 F. Supp. 615, 619 (E.D.N.Y. 1981) ("leave to serve a supplemental pleading should be granted if it cures a jurisdictional defect").

Cal. 1981) ("The 1909 Act also contained recordation of assignment provisions but none comparable to subsection 205(d) requiring recordation prior to institution of suit.").

Therefore, in addition to the fact that there has never been a transfer of ownership from Francis Day that would constitute an assignment of copyright interest to anyone, thereby making the filing of an assignment under such circumstances unnecessary, (Argument I), there is also no provision of the Copyright Act, under either the 1909 Act or the current law, that requires a plaintiff in a copyright infringement action to first record an assignment with the Copyright Office prior to the commencement of a copyright infringement action. Opposing counsel's flawed recitation of copyright law from twenty years ago notwithstanding, Defendants' motion to dismiss the amended complaint must be dismissed as being completely without merit.

## Conclusion

Defendants' argument that Plaintiff was required to record any additional documents with the Copyright Office prior to the commencement of this action has no basis in fact or law. Not only has there not been any assignment or transfer of ownership interest in the Composition by Francis Day to anyone since 1959 that would warrant recordation with the Copyright Office, but the only specific law cited by the Defendants in support of dismissal of this action was repealed almost twenty (20) years ago. Since all of the documents necessary to bring an action for copyright infringement (the initial registration and its renewal) have been duly recorded with the Copyright Office, Plaintiff is authorized to bring this action for copyright infringement against the Defendants. Defendants'

motion to dismiss the amended complaint, based entirely on a repealed statute, must, therefore, be denied in its entirety.

Dated: New York, New York
      April 21, 2008

                              EISENBERG TANCHUM & LEVY
                              *Attorneys for Plaintiff Regent Music*
                              *Corporation*

                              By: _____
                                    Stewart L. Levy (SLL-2892)
                              675 Third Avenue
                              Suite 2900
                              New York, New York 10017
                              Tel# (212) 599-0777

*Of Counsel*
James E. Doherty