UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

REGENT MUSIC CORPORATION,                    07 CIV. 9510 (LLS)

        Plaintiff,
  -against-

SUGAR HILL MUSIC PUBLISHING, LTD.,
and JOSEPH ROBINSON, JR.,

        Defendants.

------------------------------------------------------------X

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

This memorandum is submitted by defendants in reply to the memorandum submitted by plaintiff in opposition to defendants' motion to dismiss the amended complaint.

### POINT I

### THE APPLICABLE LAW IN 1988 MUST BE APPLIED ACROSS THE BOARD

In order to save the dismissal of its complaint plaintiff both in its amended complaint and in its legal memorandum in opposition to this motion relies upon copyright law in effect in 1988, when the copyright renewal certificate was obtained. In paragraph

11 of its amended complaint (Ex. A to defendants' motion) plaintiff alleges that "in accordance with the practices and policies of the United States Copyright Office in effect at the time of the filing of the renewal certificate, which required the registration to be made in the name of the statutory claimant" the renewal certificate properly listed Jerry Lordan as the copyright claimant.  On pages 4 and 5 of its memorandum plaintiff similarly argues that "in 1988, in order to maintain the registration, plaintiff secured a renewal registration on Francis Day's behalf" and that "in accordance with the rules then in effect at the Copyright Office the claimant in the renewal copyright is listed as being the author of the composition, Jerry Lordan."

Plaintiff's reliance upon copyright law in effect in 1988 to support its argument that it has standing to sue for copyright infringement ignores the fact that in 1988 a copyright assignee was required to record the assignment in the Copyright Office before it could sue for infringement.  As confirmed in the Historical and Statutory Notes to 17 U.S.C. §205, the version of 17 U.S.C. §205(d) in effect in 1988 and until March 1, 1989, provided in relevant part:

> No person claiming by virtue of a transfer to be the owner of copyright or of any exclusive right under a copyright is entitled to institute an infringement action under this title until the instrument of transfer under which such person claims has been recorded in the Copyright Office....

It is undisputed that plaintiff did not even attempt to record the assignment until March of

2

2008 – some 20 years later.

If 1988 copyright law is applied to support plaintiff's attempt to sustain standing, then the 1988 copyright law requiring registration of transfers must also be applied. This law required that any transfers such as assignments must first be recorded in the Copyright Office before an action for infringement could be instituted in the name of the assignee. As plaintiff did not file any instrument of transfer in 1988 it did not have standing to sue under the law in effect at that time.

As stated in the February 27, 2008 letter of the Copyright Office (Ex. B to defendants' moving papers) under 1988 copyright law:

> Assignees of the statutory claimant had to reflect their ownership by recording a document under Section 205 of the copyright law.... In general, recordation under Section 205 is the means provided in the copyright law for updating ownership changes in works under federal copyright protection.

If the copyright law in effect in 1988 is applied in order to permit plaintiff to argue that the renewal registration in Lordan's name was appropriate, then the law in effect at the same time making recordation of assignments a condition precedent to an infringement action must also be applied. Since plaintiff did not record the assignment from Lordan in 1988 as required (indeed, plaintiff waited some 20 years before submitting it for filing), the complaint must be dismissed.

## **CONCLUSION**

For the reasons specified above, defendants' motion to dismiss the amended complaint should in all respects be granted.

DATED:  NEW YORK, NEW YORK
        APRIL 25, 2008

                                        Respectfully submitted,

                                        CINQUE & CINQUE, P. C.

                                        By:_____/s/_____
                                            James P. Cinque (JPC-3673)
                                      Attorneys for Defendants Sugar Hill
                                      Publishing, Ltd. and Joseph Robinson, Jr.
                                      845 Third Avenue, Suite 1400
                                      New York, New York 10022
                                      Telephone:  (212) 759-5515